# EXHIBIT B

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

SAUNDRA OATES,

    Plaintiff,

-vs-

TARGET CORPORATION,

    Defendant.

Case No. 2:11-cv-14837-GER-MKM

Hon. Gerald E. Rosen
Magistrate Mona K. Majzoub

| | |
|---|---|
| **MILLER COHEN, P.L.C.**<br>Richard G. Mack, Jr. (P58657)<br>Teri L. Dennings (P68884)<br>Attorneys for Plaintiff<br>600 West Lafayette, Fourth Floor<br>Detroit, Michigan 48226<br>(313) 964-4454 | **JACKSON LEWIS LLP**<br>Emily M. Petroski (P63336)<br>Kimberly A. Yourchock (P72336)<br>Attorneys for Defendant<br>2000 Town Center, Suite 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>petroske@jacksonlewis.com<br>kimberly.yourchock@jacksonlewis.com |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COMES, Defendant Target Corporation ("Target" or "Defendant"), by and through its counsel, Jackson Lewis LLP, and hereby submits its responses and objections to Plaintiff's First Set of Interrogatories. Target's legal counsel is prepared to meet with Plaintiff's counsel to discuss, and if possible, resolve any disputes that may arise concerning the meaning, scope, and relevance of the requests or the adequacy of these responses.

## I. Preliminary Statement and General Objections

A.  Target's responses to these interrogatories have been prepared in accordance with the Federal Rules of Civil Procedure and pursuant to a reasonably diligent search for the information requested. During the relevant time period, Target employed thousands of employees, who collectively generate hundreds of thousands of documents every year. Many of those employees change jobs and relocate to different Target positions throughout the course of their careers; the documents that it generates in the course of their employment may or may not move with them. Accordingly, Target does not, and could not possibly, represent that its responses would reflect or include "all" potentially responsive information or documents located anywhere within Target. Rather, the scope of the investigation conducted to locate responsive information or documents has been limited to making inquiries to those Target activities and employees most likely to be knowledgeable about the specific matters at issue, and to reviewing Target files and databases in which information related to such matters ordinarily would be expected to be found. To the extent that these interrogatories or document requests purport to require or define an investigation that exceeds the foregoing scope, Target objects thereto on the grounds that such a requirement or definition (i) exceeds the scope of permissible discovery, and (ii) improperly attempts to impose upon Target an unreasonable burden and expense.

B.  Target reserves the right to supplement these responses pursuant to the Federal Rules of Civil Procedure.

C.  By submitting these responses, Target does not in any way adopt Plaintiff's purported definitions of words and phrases contained in the discovery. Target objects to those definitions to the extent that they are inconsistent with the (a) ordinary and customary meaning of such words and phrases, (b) the rules governing the permissible scope of discovery or (c) the definitions set forth by Target in its responses.

D.  Target does not concede that any of the documents it will produce are or will be admissible evidence at trial or any evidentiary hearing. Further, Target does not waive any objection, whether or not asserted herein, to the use of any such documents at trial.

E.  Target objects to these discovery requests to the extent they purport to require Target to respond on behalf of other persons, or to provide information that is not in the possession, custody or control of Target. Target can only be expected to respond to discovery requests on its behalf and not on behalf of any subsidiaries, affiliates, or any other corporation or individual.

F.  Some of the discovery requests contained herein appear to require documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. In addition, certain of these discovery requests are so broad or ambiguous that privileged and/or work product information is arguably encompassed within the scope thereof, even though Target may not have specifically identified to date any documents that are being withheld. To the extent of the foregoing, Target objects to these discovery requests as exceeding the scope of permissible discovery.

2

G. Any documents made available for inspection and copying in connection with this discovery set will be produced at a mutually agreeable time and place or, if no such agreement can be reached, at the offices of Jackson Lewis in Southfield, Michigan. Unless otherwise agreed, Target objects to providing copies of any such documents without prior arrangements being made to reimburse Target for any copying expenses that may be incurred.

H. Target objects to these discovery requests to the extent they exceed the limitations established by Fed. R. Civ. P. 33, and respond to any interrogatories propounded herein subject to and without waiving these objections.

## II. INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify all individuals who will sign the responses to these interrogatories and all individuals who contributed to and/or were consulted in connection with the preparation and/or drafting of the responses to these interrogatories, including those individuals from whom the information needed for the responses was obtained.

a. For each and every individual you identified in response to this interrogatory, please state in detail all information obtained from that individual.

**RESPONSE:**

Target objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these objections, Target avers that these are the answers and objections of Target that were prepared by its counsel.

**INTERROGATORY NO. 2:**

Please identify any facts that would allow Defendant to avoid liability to Plaintiff's claims in this case, including but not limited to the defenses outlined in Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses.

3

a. For each and every affirmative defense pleaded by Defendant in the above-captioned case, please state in detail the full and complete factual and legal bases for the affirmative defenses. Identify any relevant case law.

**RESPONSE:**

Target objects to the phrase "avoid liability" to the extent it assumes or implies that Target has any liability relative to Plaintiff's claims in this case. Target also objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Target states that affirmative defenses were set forth to preserve them under the Federal Rules of Civil Procedure which provide that affirmative defenses must be stated in a party's responsive pleading or may be waived. Thus, Target listed all relevant affirmative defenses available to avoid waiving them. The documents produced in response to discovery requests and those provided by Plaintiff will support Target's affirmative defenses. Further, Target has until the end of discovery to discover all relevant matters in support of its defenses. If no facts develop during the course of discovery to support any affirmative defense, then Target will withdraw it before trial in this matter. Responding further, Target refers to its responses to the following interrogatories, as well as to those documents produced herewith and/or that it will produce upon entry of an appropriate protective order, and any facts contained therein. Further, as additional information becomes available to Target pertaining to this interrogatory, Target will supplement its response.

**INTERROGATORY NO. 3:**

Please identify the name of every employee terminated or disciplined at Defendant's Northwestern Highway, Southfield, Michigan location within the last three (3) years. For every person, identify and describe the following:

a. The name, last known address, telephone number, all job titles held at Defendant and the time frame for each job title, and the seniority dates of the person(s);

b. The department in which the person worked and the supervisor(s) involved in the termination or discipline;

c. The nature of the circumstances leading to the termination or discipline, and a specific description of the actions or behavior of the person(s) that warranted termination or discipline;

4

d. **The specific rule, policy, ordinance or law violated that lead to the termination or discipline (if any);**

e. **For the violations or behavior of each person which caused the person to be terminated or disciplined, list each and every employee who – within the last five (5) years – has been accused of committing a similar violation or engaging in similar behavior, and indicate whether each of these persons was terminated or disciplined for engaging in such behavior, and state the type, time, place, and circumstances of termination or discipline.**

### RESPONSE:

Target objects to this interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target further objects to the production of personal information for its current and/or former employees, because it invades the privacy rights of individuals who are not parties to this action. Subject to and without waiving these objections, and limiting its response to those Target employees located at store T0777 who were terminated for the same or similar reasons as Plaintiff within the past three (3) years, Target states as follows:

a. Jason Ball
b. Department: ETL-HL. Supervisor: Diane Duda.
c. Mr. Ball was terminated for Negligent Conduct after he locked a guest in the store, and after receiving a prior Final Warning for Negligent conduct for "fail[ing] to set and secure the receiving alarm for the night." Responding further, Target refers to those documents relating to Mr. Ball, which it will produce upon entry of an appropriate protective order.
d. Negligent Conduct
e. See above.

### INTERROGATORY NO. 4:

**Please state whether there were conversations between Defendants and Defendants employees or agents regarding Plaintiff's prospects for promotion in October 2009, and if so, state in detail the date of such communications, and the nature of the discussions,**

5

including without limitation any and all conversations involving Jim Peterson, Diane Duda, and/or Plaintiff regarding a promotion for Plaintiff.

**RESPONSE:**

Target objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, Target objects to this interrogatory to the extent it fails to identify any specific promotional opportunity with respect to which it seeks information. Target also objects to this interrogatory to the extent it calls for the disclosure of information protected by the attorney-client privilege.

**INTERROGATORY NO. 5:**

Notwithstanding your witness list to be filed in this case, please identify the name, address and telephone number of all persons you may call as either an expert or a non-expert witness at trial. For each person listed, please state:

a. The subject matter about which the person is expected to testify, including information that the expert is expected to provide;

b. The substance of the facts and opinions to which the person is expected to testify or that the person will provide;

c. For each expert witness, a summary of the grounds for each opinion;

d. Whether the expert has made any written report or statement regarding the substance of his/her opinion and/or proposed testimony. If so, please identify said report or statement.

**RESPONSE:**

Target objects to this interrogatory, including all of its subparts, as premature because discovery in this matter has just begun. Target also objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. Target further objects to this interrogatory to the extent it invades the privacy rights of individuals who are not parties to this action. Subject to and without waiving these objections, Target states that it has not retained or identified any experts relative to this matter as of yet, or otherwise confirmed those witnesses who it will call to testify at the time of trial.

6

Responding further, Target refers to its Initial Disclosures and further states that it will comply with the scheduling order issued by the Court for the disclosure of expert and non-expert witnesses. Accordingly, Target reserves its right to retain and identify expert witnesses, and avers that it will supplement its response to this interrogatory consistent with the Court's Scheduling Order as well as its obligation under the Court Rules.

## INTERROGATORY NO. 6:

**Please identify all policies, directives, communications, e-mails or work rules of Defendant regarding Workers Compensation and/or on the job injuries.**

## RESPONSE:

Target objects to this interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable or relevant time period or geographic location. Subject to and without waiving these objections, Target will produce the relevant policies for the time period in which Plaintiff was employed upon entry of an appropriate protective order.

## INTERROGATORY NO. 7:

**Who made the decision and/or had input into the decision to terminate Plaintiff's employment? For each person so specified pleas state the following:**

   a. **Name, job title, dates of employment, and contact information including address and telephone number if not elsewhere provided.**

   b. **The nature and substance of the individual's input.**

## RESPONSE:

Target objects to the term "input" as vague and ambiguous as this term is not defined. Target also objects to this interrogatory as it seeks private and sensitive information for its current and/or former employees, and because it invades the privacy rights of individuals who are not parties to this action. Subject to and without waiving these objections, Target states that the following individuals approved, authorized, or otherwise supported the decision to terminate Plaintiff: Diane Duda (Store Team Leader), James Peterson (District Team Leader) and Gary McFarren (Human Resources Business Partner). Responding further, Target refers Plaintiff to those documents being produced herewith and/or upon entry of an appropriate protective order. These individuals may be contacted through the undersigned counsel.

7

**INTERROGATORY NO. 8:**

State any and all bases for the Plaintiff's termination and identify those individuals with knowledge relating to each alleged basis.

**RESPONSE:**

Target objects to this interrogatory to the extent it assumes or implies that Target did not have a legitimate reason to terminate Plaintiff. Target also objects to identifying "individuals with knowledge relating to each alleged basis" as vague, ambiguous, and overly broad in scope. Subject to and without waiving these objections, Target avers that Plaintiff was terminated for a second incident of Negligent Conduct. Specifically, Plaintiff was terminated following an incident on November 28, 2009, where she was the Leader on Duty ("LOD"), scheduled to close and, as such, was responsible for securing the store and ensuring the safety of all team members, including ensuring that all team members safely left the store and parking lot. On November 28, 2009, the store was alarmed and a team member was locked in the store. Plaintiff admitted same in a conversation with STL Diane Duda. In summary, on November 28, 2009, Plaintiff failed to take appropriate steps to ensure that all team members were out of the store when she locked the building, or to ensure that all team members had safely left the parking lot before she left the premises. Plaintiff had received a Final Warning on September 23, 2009 for Negligent Conduct after she "failed to lock and secure the cart doors, which left the building unsecured." The Final Warning also clearly stated that "[f]urther violations of negligent conduct could lead to further corrective action up to and including termination." Responding further, Target refers Plaintiff to those individuals and documents identified in response to Interrogatory No. 7 above, including but not limited to Plaintiff's Final Warning and those documents related to her termination.

**INTERROGATORY NO. 9:**

Identify all persons within any District presently or formerly managed by Jim Peterson whom you allege were terminated for the same or reasons similar to the Plaintiff. And as to each employee identified, please state the following:

a. The nature of the offense you allege makes their offense similar to the Plaintiff's alleged offense.

b. Whether such employee had made a claim for worker's compensation benefits and, if so, the date and outcome of such request.

c. **Whether such employee had made a claim for Family and/or Medical Leave or any other leave of absence and, if so, the date and outcome of such request.**

d. **Whether such employee had a disability or requested accommodation for a disability.**

**RESPONSE:**

Target objects to this interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable or relevant time period or to Plaintiff's store location. Target also objects to this interrogatory to the extent it invades the privacy rights of individuals who are not parties to this action. Subject to and without waiving these objections and limiting its response to Team Members who have been terminated from Target's store T0777 for the same or similar conduct as Plaintiff, Target refers Plaintiff to its response Interrogatory No. 3 above.

**INTERROGATORY NO. 10:**

**Identify all names of employees of Defendants who have filed workers compensation claims or been injured on the job, in the past three (3) years, prior to Plaintiff's institution of this action.**

**RESPONSE:**

Target objects to this interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable or relevant geographic location. Target further objects to this interrogatory to the extent it invades the privacy rights of individuals who are not parties to this action.

**INTERROGATORY NO. 11:**

**Please detail any and all conversations between Plaintiff and Diane Duda, including without limitation on or about November 30, 2009, December 4, 2009, and December 8th and 15th of 2009.**

9

   a. In response to this interrogatory please indicate whether the conversations were solely between Plaintiff and Duda or if other parties participated in the conversations.

   b. If other parties were participants in the conversations please identify each individual party and detail their individual contribution/s to the conversations.

   c. Also, identify whether Defendants maintain in their possession, control, or custody and notes, memoranda, or other documents derived from any above identified conversations.

**RESPONSE:**

Target objects to "detailing" conversations that occurred several years ago as overly broad and unduly burdensome. Subject to and without waiving these objections, Target refers Plaintiff to those documents being produced herewith and/or upon entry of an appropriate protective order, which document or relate to conversations that occurred between Plaintiff and Diane Duda. Responding further, Target refers Plaintiff to the anticipated deposition testimony of Diane Duda.

**INTERROGATORY NO. 12:**

Please identify any and all employees who, within the past 3 years, were disciplined or terminated by Defendant within Michigan stores for locking someone in the store.

   a. In identifying those individuals please provide their name and most recent contact information, including address and telephone number.

   b. Identify the discipline imposed.

   c. Identify who made the decision to discipline/terminate the employee, including the name of the decisionmaker, title, and, if no longer employed, last known address and telephone number.

   d. Please also provide the policy under which the discipline was imposed.

**RESPONSE:**

Target objects to this interrogatory to the extent it mischaracterizes the reason for Plaintiff's termination. Target also objects to this interrogatory to the extent it invades the privacy rights of individuals who are not parties to this action. Further, Target objects to this interrogatory as overly broad and unduly burdensome as it is not limited to Plaintiff's store location. Subject to and without waiving these objections, and limiting its response to those Target employees located at store T0777 who were terminated for the same or similar conduct as Plaintiff, Target refers Plaintiff to its response to Interrogatory No. 3 above.

**INTERROGATORY NO. 13:**

**Please state in detail all conversations, discussions and telephone calls between Defendant and Plaintiff and between Defendants and Defendants employees or agents regarding Plaintiff's disability or alleged disability and conversations regarding Plaintiff's discipline in the year 2009. In particular detail and any all conversations involving Jim Peterson, Diane Duda, and/or Plaintiff regarding Plaintiff's actual or alleged disability and conversations regarding Plaintiff's discipline in 2009.**

**RESPONSE:**

Target objects to this interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, the interrogatory seeks the details of all conversations between any of Target's employees with or regarding Plaintiff or her discipline or purported disability which may have occurred at any time. Target further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these objections, with regards to Plaintiff's request for documents relating to her discipline Target refers Plaintiff to the documents being produced herewith and/or upon entry of an appropriate protective order, including Plaintiff's Final Warning and those documents related to her termination. Responding further, Target refers Plaintiff to the anticipated deposition testimony of Diane Duda and Jim Peterson.

**INTERROGATORY NO. 14:**

**Please identify each Charge of Discrimination or lawsuit within the past 5 years whereby Defendant was accused of disability discrimination, worker's compensation**

11

retaliation, FMLA retaliation, or race discrimination. And for each lawsuit, state the following:

   a. The parties to the charge/lawsuit

   b. The agency or court before whom the charge was brought

   c. The allegations in the charge/lawsuit

   d. The outcome of the charge or lawsuit.

**RESPONSE:**

Target objects to this interrogatory as overly broad and unduly burdensome as it is not limited to a reasonable or relevant time period or to Plaintiff's store location, and due to the fact that information relating to other allegations of discrimination and/or retaliation, the facts and circumstances of which are likely to be substantially dissimilar to those of the present case, cannot aid Plaintiff in pursuit of her claims. Target also objects to this interrogatory to the extent it invades the privacy rights of individuals who are not parties to this action. Subject to and without waiving these objections, and limiting its response to lawsuits filed by employees or former employees of Target's Store T0777 within the last three years stating claims for: Worker's Compensation Act Retaliation; Disability Discrimination in violation of the ADA or PWDCRA; or Race Discrimination in Violation of Title VII or the Elliott-Larsen Civil Rights Act, Target states: None.

**INTERROGATORY NO. 15:**

Describe specifically the process for when an alarm is triggered, including without limitation who in the Company is notified, and what their duties or responsibilities are with regard to a triggered alarm. Please also state the following:

   a. Whether the above process is a company-wide policy

   b. If so, produce the policy as implemented at all Michigan Target stores.

**RESPONSE:**

Target objects to this interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target further objects to describing "specifically" a process in an interrogatory as overly broad and unduly burdensome. Target also objects to this interrogatory

on the grounds that it is not limited to a reasonable or relevant time period or Plaintiff's store location.

**INTERROGATORY NO. 16:**

Explain in detail the process whereby Diane Duda is notified of occasions where a store alarm is tripped or bypassed, including the names and job titles of others who would be notified in the process.

a. And, with respect to Plaintiff's incident, state in detail all communications Ms. Duda had with others relative to the alarm.

b. Produce all documents relative to this interrogatory, including notes, alarm details, or other communications between Ms. Duda and others relative to the alarm system and/or "tripping" or bypassing of the alarm.

**RESPONSE:**

Target objects to this interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target further objects to describing "details" in an interrogatory which is not limited to any specific period of time. Subject to and without waiving these objections, Target avers that Diane Duda as the former Store Team Leader should have been advised of any occasions where a store alarm was triggered. Responding further, Target refers Plaintiff to those documents being produced herewith and/or that it will produce upon entry of an appropriate protective order which relate to the November 28, 2009 incident.

**INTERROGATORY NO. 17:**

Please identify each person promoted within any District presently or formerly managed by Jim Peterson, and as to each individual state:

a. Race

b. Dates of employment

c. Position promoted from/to

13

    d. Store location

    e. Whether such person had taken FMLA or other leave of absence and, if so, when, including the outcome of the request.

    f. Whether such person had made a claim for worker's compensation benefits during their employment, and if so, when, including the outcome of the request.

    g. Whether such person had a disability or required accommodation to perform the essential functions of his/her job and, if so, the nature of the accommodation.

**RESPONSE:**

    Target objects to this interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable or relevant time period or Plaintiff's store location. Further, Target objects to the production of personal information for its current and/or former employees, because it invades the privacy rights of individuals who are not parties to this action.

JACKSON LEWIS LLP

BY: _____
Emily M. Petroski (P63336)
Kimberly A. Yourchock (P72336)
Attorneys for Defendant
2000 Town Center, Suite 1650,
Southfield, MI 48075
(248) 936-1900
petroske@jacksonlewis.com
kimberly.yourchock@jacksonlewis.com

Date: May 1, 2012

## PROOF OF SERVICE:

The undersigned certifies that a copy of Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories and Proof of Service was served upon the attorneys of record of all parties to the above cause at their respective business addresses as disclosed by the pleadings of record herein on May 1, 2012. I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

BY: __X__ U.S. Mail  ____ FAX  ____ Other

____ Hand Delivered  ____ Federal Express

_____

Tamara Coffman

4838-7785-5503, v. 2

15