# EXHIBIT C

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

SAUNDRA OATES,

    Plaintiff,

-vs-

TARGET CORPORATION,

    Defendant.

Case No. 2:11-cv-14837-GER-MKM

Hon. Gerald E. Rosen
Magistrate Mona K. Majzoub

---

**MILLER COHEN, P.L.C.**
Richard G. Mack, Jr. (P58657)
Teri L. Dennings (P68884)Attorneys for Plaintiff
600 West Lafayette, Fourth Floor
Detroit, Michigan 48226
(313) 964-4454

**JACKSON LEWIS LLP**
Emily M. Petroski (P63336)
Kimberly A. Yourchock (P72336)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
petroske@jacksonlewis.com
kimberly.yourchock@jacksonlewis.com

---

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES, Defendant Target Corporation ("Target" or "Defendant"), by and through its counsel, Jackson Lewis LLP, and hereby submits its responses and objections to Plaintiff's First Request for Production of Documents to Defendant Target Corporation. Target's legal counsel is prepared to meet with Plaintiff's counsel to discuss, and if possible, resolve any disputes that may arise concerning the meaning, scope, and relevance of the requests or the adequacy of these responses.

1

## I. PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

A.  Target's responses to these discovery requests have been prepared in accordance with the Federal Rules of Civil Procedure and pursuant to a reasonably diligent search for the information requested. During the relevant time period, Target employed thousands of employees, who collectively generate hundreds of thousands of documents every year. Many of those employees change jobs and relocate to different Target positions throughout the course of their careers; the documents that they generate in the course of their employment may or may not move with them. Accordingly, Target does not, and could not possibly, represent that its responses would reflect or include "all" potentially responsive information or documents located anywhere within Target. Rather, the scope of the investigation conducted to locate responsive information or documents has been limited to making inquiries to those Target activities and employees most likely to be knowledgeable about the specific matters at issue, and to reviewing Target files and databases in which information related to such matters ordinarily would be expected to be found. To the extent that these interrogatories or document requests purport to require or define an investigation that exceeds the foregoing scope, Target objects thereto on the grounds that such a requirement or definition (i) exceeds the scope of permissible discovery, and (ii) improperly attempts to impose upon Defendant an unreasonable burden and expense.

B.  Target reserves the right to supplement these responses pursuant to the Federal Rules of Civil Procedure.

C.  By submitting these responses, Target does not in any way adopt Plaintiff's purported definitions of words and phrases contained in the discovery. Target objects to those definitions to the extent that they are inconsistent with the (a) ordinary and customary meaning of such words and phrases, (b) the rules governing the permissible scope of discovery or (c) the definitions set forth by Target in its responses.

D.  Target does not concede that any of the documents it will produce are or will be admissible evidence at trial or any evidentiary hearing. Further, Target does not waive any objection, whether or not asserted herein, to the use of any such documents at trial.

E.  Target objects to these discovery requests to the extent they purport to require Target to respond on behalf of other persons, or to provide information that is not in the possession, custody or control of Target. Target can only be expected to respond to discovery requests on its behalf and not on behalf of any subsidiaries, affiliates, or any other corporation or individual.

F.  Some of the discovery requests contained herein appear to require documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. In addition, certain of these discovery requests are so broad or ambiguous that privileged and/or work product information is arguably encompassed within the scope thereof, even though Target may not have specifically identified to date any documents that are being withheld. To the extent of the foregoing, Target objects to these discovery requests as exceeding the scope of permissible discovery.

2

G. Any documents made available for inspection and copying in connection with this discovery set will be produced at a mutually agreeable time and place or, if no such agreement can be reached, at the offices of Jackson Lewis in Southfield, Michigan. Unless otherwise agreed, Target objects to providing copies of any such documents without prior arrangements being made to reimburse Target for any copying expenses that may be incurred.

## II. REQUEST TO PRODUCE DOCUMENTS:

### DOCUMENT REQUEST NO. 1:

**Produce all documents in Defendants' possession provided by Plaintiff or her representatives to Defendant relating to Plaintiff's physical, mental, emotional or other medical condition.**

### RESPONSE:

Target objects to this request to the extent it assumes Target has such documents. Target also objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, Target will produce Plaintiff's FMLA documents, and any other related documents it has in its possession, upon entry of an appropriate protective order. To the extent this request includes any records subpoenaed from third parties, Targets avers that it will provide Plaintiff an opportunity to request a copy of those records.

### DOCUMENT REQUEST NO. 2:

**Produce Plaintiff's complete personnel and or employment file.**

### RESPONSE:

Target objects to this request as vague and ambiguous in that the term "personnel and or employment file" is not defined. Subject to and without waiving these objections, Target refers to documents being produced herewith.

### DOCUMENT REQUEST NO. 3:

**Produce all documents in Defendant possession which reference and/or relate to Plaintiff, her work with Defendant, her discharge, and her request for Family and Medical**

3

Leave. This request seeks for the entire personnel file of Plaintiff to be produced, and references documents created or sent between 2006 and present.

**RESPONSE:**

Target objects to this request as vague and ambiguous in that the term "personnel file" is not defined. Target also objects to this request as it is overly broad in scope, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Target refers Plaintiff to those documents being produced herewith and/or upon entry of an appropriate protective order in response to Plaintiff's interrogatories and requests for production, and avers that it will entertain a more specific request for any additional documents.

**DOCUMENT REQUEST NO. 4:**

Produce all documents in Defendant's possession which reference and/or relate to any and all workers compensation claims from/of Plaintiff Oates.

**RESPONSE:**

Target objects to this request as overly broad, unduly burdensome and seeking documentation which is neither relevant nor reasonably calculated to the discovery of relevant or admissible evidence. Target further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving its objections, Target refers Plaintiff to those documents regarding Plaintiff's worker's compensation claim, which Target will produce upon entry of an appropriate protective order.

**DOCUMENT REQUEST NO. 5:**

Please identify all policies, directives, communications, e-mails or work rules of Defendant regarding FMLA, worker's compensation, or other related leaves of absence.

**RESPONSE:**

Target objects to this request as overly broad in scope, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable or relevant time period or geographic location. Subject to and without waiving these objections, Target refers Plaintiff to those handbooks that applied to Plaintiff during her employment with Target, which it will produce upon entry of an appropriate protective order.

4

**DOCUMENT REQUEST NO. 6:**

Produce all documents in Defendant's possession which reference and/or relate to employee work rules, including without limitation Target's Counseling and Corrective Action Policy, in its entirety. Production of any and all employee handbooks furnished to employees of Defendant is included in this request.

**RESPONSE:**

Target objects to this request as overly broad in scope, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable or relevant time period or geographic location. Subject to and without waiving these objections, Target refers Plaintiff to those handbooks that applied to Plaintiff during her employment with Target, as well as the Corrective Action Guidelines in effect at the time of Plaintiff's Final Warning and termination, which Target will produce upon entry of an appropriate protective order.

**DOCUMENT REQUEST NO. 7:**

Produce all communications, including email or other correspondence, between Plaintiff's health care providers and Defendants or any of Defendant's employees, agents, or representatives, sent during the years 2006 through present.

**RESPONSE:**

Target objects to this request to the extent it assumes Target has such documents. Target also objects to this request as overly broad, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, Target objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, Target refers Plaintiff to those documents it will produce upon entry of an appropriate protective order. To the extent this request includes any records subpoenaed from Plaintiff's health care providers, Target avers that it will provide Plaintiff a copy of any such subpoena and an opportunity to request a copy of those subpoenaed records.

**DOCUMENT REQUEST NO. 8:**

Produce all communications, including email or other correspondence, between and among any employee or agent of Defendant, concerning and/or referencing Plaintiff, sent during the years 2005 through present.

5

**RESPONSE:**

Target objects to this request as overly broad in scope, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target also objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, Target refers Plaintiff to the documents it will produce upon entry of an appropriate protective order, and avers that it will entertain a more specific request for additional documents which may be relevant to Plaintiff's claims.

**DOCUMENT REQUEST NO. 9:**

**Produce any and all documents relating to any and all individuals disciplined or terminated by Defendant for locking someone in the store.**

**RESPONSE:**

Target objects to this request as overly broad, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable or relevant time period or Plaintiff's store location. Target also objects to the production of personal information for its current and/or former employees, because it invades the privacy rights of individuals who are not parties to this action. Subject to and without waiving these objections, and limiting its response to those Target employees located at store T0777 who were terminated for the same or similar conduct as Plaintiff, Target refers to its response to Interrogatory No. 3, and the related documentation, which it will produce upon entry of an appropriate protective order.

**DOCUMENT REQUEST NO. 10:**

**Produce all documents and communications, including emails or other correspondence of Defendant's agents and employees Diane Duda and Jim Peterson which concern Plaintiff, Defendant's FMLA policy in general, or any employee's request for FMLA leave.**

**RESPONSE:**

Target objects to this request as overly broad in scope, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target also objects to producing documents concerning "Defendant's FMLA policy in general" as vague and ambiguous, and to producing documents regarding other employee's request for FMLA leave. Target further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or work product doctrine.

6

for its current and/or former employees, because it invades the privacy rights of individuals who are not parties to this action. Subject to and without waiving these objections, Target refers Plaintiff to the documents, including Target's FMLA policy for the time period in which Plaintiff was employed, which it will produce upon entry of an appropriate protective order.

## DOCUMENT REQUEST NO. 11:

Produce all calendars, diaries, journals, logs, planners, day-timers, or appointment books maintained by Defendant's agents and employees Diane Duda and Jim Peterson from January 1, 2006 to the present, which concern Plaintiff.

## RESPONSE:

Target objects to this request to the extent it assumes Target has such documents. Target also objects to this request as overly broad in scope, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or work product doctrine.

## DOCUMENT REQUEST NO. 12:

Produce all employment policies, handbooks or other employment materials which govern or pertain to the employment of Plaintiff, and which were in effect at any time Plaintiff was employed at Defendant. This includes all documents reflecting Defendant's policies and practices regarding visits to Concentra.

## RESPONSE:

Target objects to this request as overly broad in scope, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, upon entry of an appropriate protective order Target will produce the relevant policies for the time period in which Plaintiff was employed.

## DOCUMENT REQUEST NO. 13:

Produce any and all documents submitted to Defendant which concern Plaintiff's medical condition, or medical treatment, sent during 2006 through present.

7

**RESPONSE:**

Target objects to this request to the extent it assumes Target has such documents. Subject to and without waiving these objections, Target refers Plaintiff to those documents it will produce upon entry of an appropriate protective order.

**DOCUMENT REQUEST NO. 14:**

Produce all notes (handwritten or otherwise), whether by Plaintiff and/or others, identified or anonymous, of any conversations between Plaintiff and Defendant, or any of their agents during the time period from January 2006 to present.

**RESPONSE:**

Target objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Target further objects to this request to the extent it fails to define the term "agent" and to the extent it seeks documents protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, Target refers Plaintiff to the documents it will produce upon entry of an appropriate protective order, and avers that it will entertain a request for specific documents which may be relevant to Plaintiff's claims.

**DOCUMENT REQUEST NO. 15:**

Produce all documents or correspondence between Plaintiff and Defendant.

**RESPONSE:**

Target objects to this request as overly broad in scope, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Target avers that it will entertain a request for specific documents Plaintiff might seek. Responding further, Target refers Plaintiff to the documents produced herewith and/or that it will produce upon entry of an appropriate protective order.

**DOCUMENT REQUEST NO. 16:**

Produce all documents supporting Defendant's claim that Plaintiff's discharge, and Defendant's actions concerning Plaintiff's request for FMLA leave, did not violate the Family and Medical Leave Act.

8

**RESPONSE:**

Target objects to the extent this request seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. Target further objects to this request to the extent it mischaracterizes the allegations in Plaintiff's Complaint which do not include any claim that Target violated the FMLA.

**DOCUMENT REQUEST NO. 17:**

**Produce all documents supporting Defendant's claim that Plaintiff's discharge, and Defendant's actions concerning Plaintiff's workers compensation claim, did not violate the Worker's Disability Compensation Act.**

**RESPONSE:**

Target objects to the extent this request seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these objections, Target refers Plaintiff to its Answer, the pleadings which will be filed in this matter, including its dispositive motion, as well as the documents produced herewith and/or that Target will produce upon entry of an appropriate protective order.

**DOCUMENT REQUEST NO. 18:**

**Produce all documents supporting Defendant's claim that Plaintiff's discharge, and Defendant's actions concerning Plaintiff's disability to alleged disability, did not violate the Americans with Disabilities Act or Michigan's Persons with Disabilities Civil Rights Act.**

**RESPONSE:**

Target objects to the extent this request seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these objections, Target refers Plaintiff its Answer, the pleadings which will be filed in this matter, including its dispositive motion, as well as the documents produced herewith and/or that Target will produce upon entry of an appropriate protective order.

**DOCUMENT REQUEST NO. 19:**

**Produce all documents supporting Defendant's claim that Plaintiff's discharge, and Defendant's treatment of Plaintiff, did not violate the Title VII or Michigan's Elliot-Larsen Civil Rights Act.**

9

**RESPONSE:**

Target objects to the extent this request seeks information protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these objections, Target refers Plaintiff its Answer, the pleadings which will be filed in this matter, including its dispositive motion, as well as the documents produced herewith and/or that Target will produce upon entry of an appropriate protective order.

**DOCUMENT REQUEST NO. 20:**

**Provide all documents reflecting or related to all Defendants' employees within any District presently or formerly managed by Jim Peterson, who have required workers compensation from January 2006 through the present. For each document, provide all documents concerning the time of the request, the name of the employee making the request, all documents provided to the employee by Defendants or any of its agents or employees in response to the request, and documents regarding whether the request was accepted or denied.**

**RESPONSE:**

Target objects to this request as overly broad in scope, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target also objects to this request to the extent it invades the privacy rights of individuals who are not parties to this action.

**DOCUMENT REQUEST NO. 21:**

**Provide all documents reflecting or related to all Defendant's employees within any District presently or formerly managed by Jim Peterson, who have requested FMLA from January 2006 through the present. For each document, provide all documents concerning the time of the request, the name of the employee making the request, all documents provided to the employee by Defendants or any of its agents or employees in response to the request, and documents regarding whether the request was accepted or denied.**

10

**RESPONSE:**

Target objects to this request as overly broad in scope, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target also objects to this request to the extent it invades the privacy rights of individuals who are not parties to this action.

**DOCUMENT REQUEST NO. 22:**

**Produce any and all email, text and/or business or social network messages (such as on Facebook, MySpace, LinkedIn, Twitter, etc.) that support, refute, refer, or relate to the allegations set forth in Plaintiff's Complaint or Defendant's Answer and Affirmative Defenses. These are emails or messages sent, created or maintained by Defendant or any of Defendant's agents or employees.**

**RESPONSE:**

Target objects to this request as overly broad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Target also objects to this request to the extent it requests documents protected from disclosure by the attorney-client privilege or attorney work product doctrine, or otherwise seeks to invade the privacy of unidentified employees or agents of Target. Target further objects to this interrogatory to the extent it fails to identify the term "agent." Subject to and without waiving these objections, Target avers that it is not aware of any such social network messages.

**DOCUMENT REQUEST NO. 23:**

**Produce any and all photos, postings, videos, or other information maintained or shared on business or social network websites (such as on Facebook, MySpace, LinkedIn, Twitter, etc.) that support, refute, refer, or relate to the allegations set forth in Plaintiff's Complaint or Defendant's Answer and Affirmative Defenses. This is information sent, created or maintained by Defendant or any of Defendant's agents or employees.**

**RESPONSE:**

Target objects to this request as overly broad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Target also objects to this request to the extent it requests documents protected from disclosure by the

11

attorney-client privilege or attorney work product doctrine, or otherwise seeks to invade the privacy of unidentified employees or agents of Target. Target further objects to this interrogatory to the extent it fails to identify the term "agent." Subject to and without waiving these objections, Target avers that it is not aware of any such postings.

## DOCUMENT REQUEST NO. 24:

**Produce any and all voicemail or answering machine messages, whether recorded or transcribed, that support refute, refer, or relate to the allegations set forth in Plaintiff's Complaint or Defendant's Answer and Affirmative Defenses. These are messages sent, created or maintained by Defendant or any of Defendant's agents or employees.**

### RESPONSE:

Target objects to this request as overly broad, unduly burdensome, and seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Target also objects to this request to the extent it requests documents protected from disclosure by the attorney-client privilege or attorney work product doctrine, or otherwise seeks to invade the privacy of unidentified employees or agents of Target. Target further objects to this interrogatory to the extent it fails to identify the term "agent." Subject to and without waiving these objections, Target avers that it is not aware of any such voicemails or messages which are not otherwise protected from disclosure by the attorney-client privilege.

## DOCUMENT REQUEST NO. 25:

**Any and all documents received by Defendant and/or their attorneys from any expert witness in connection with this matter, including, without limitation, the expert's curriculum vitae.**

### RESPONSE:

Target objects to this request to the extent it seeks documents from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these objections, Target states: none. Responding further, Target states that it has not retained or identified any experts relative to this matter as of yet, and avers that it will supplement its response to this request as necessary, or as required by the Court Rules or scheduling order.

12

**DOCUMENT REQUEST NO. 26:**

Any and all documents provided by Defendant and their attorneys to any expert witness in connection with this matter.

**RESPONSE:**

Target objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these objections, Target states: none. Responding further, Target states that it has not retained or identified any experts relative to this matter as of yet, and avers that it will supplement its response to this request as necessary, or as required by the Court Rules or scheduling order.

**DOCUMENT REQUEST NO. 27:**

All documents or tangible things that Defendant may offer as exhibits during any trial of this matter.

**RESPONSE:**

Target objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these objections, Target avers that discovery in this matter has yet to close, but refers Plaintiff to the documents that have or will be produced, which it may use as exhibits at trial. Responding further, Target will comply with the scheduling order issued by the Court for the disclosure of any trial exhibits.

**DOCUMENT REQUEST NO. 28:**

Any and all written statements Defendant or any of its agents or employees has obtained from any individual regarding the subject matter of this lawsuit.

**RESPONSE:**

Target objects to the phrase "written statements" as vague and ambiguous. Target also objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these objections, Target refers Plaintiff to those documents that Target will produce upon entry of an appropriate protective order, which may be construed as statements.

**DOCUMENT REQUEST NO. 29:**

Produce any and all documents relating to the business, or any other, relationship between Defendant and Concentra. This request includes any agreement between Concentra and Defendant relating to workers compensation or other on the job injuries.

**RESPONSE:**

Target objects to this request as overly broad in scope, unduly burdensome, and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target also objects to this request as it seeks sensitive, confidential and/or proprietary documents relative to its relations with a third party. Further, Target objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work product doctrine.

**DOCUMENT REQUEST NO. 30:**

Produce any and all documents relating to Plaintiff's December 4, 2009 visit to Concentra.

**RESPONSE:**

Target objects to this request to the extent it seeks documents outside Target's possession, custody or control. Subject to and without waiving these objections, Target refers Plaintiff to the documents Target will produce upon entry of an appropriate protective order to the extent they may reflect such information.

**DOCUMENT REQUEST NO. 31:**

Produce any and all documents relating to any workers compensation or other work related injury of Plaintiff.

**RESPONSE:**

Target objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or attorney work produce doctrine. Subject to and without waiving its objections, Target refers Plaintiff to those documents which relate to Plaintiff's worker's compensation claim and purported workplace injury, which Target will produce upon entry of an appropriate protective order.

**DOCUMENT REQUEST NO. 32:**

Produce any and all injury reports relating to or involving Plaintiff.

**RESPONSE:**

Target refers Plaintiff to those documents regarding her workers compensation claim(s) and/or purported workplace injury, which Target will produce upon entry of an appropriate protective order.

**DOCUMENT REQUEST NO. 33:**

Produce any and all video surveillance tapes of Defendant's Northwestern Highway location in Southfield, Michigan from November 28, 2009.

**RESPONSE:**

Target objects to this request as overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving its objections, Target avers that it will make available for viewing, or otherwise produce any video retained of Plaintiff on this date.

**DOCUMENT REQUEST NO. 34:**

Produce any and all documents you have substantiating your claim that Plaintiff's store was in a "high-risk" and "difficult neighborhood" creating "very real danger" to Target team members and property (see EEOC position response at p. 5).

**RESPONSE:**

Target objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

**DOCUMENT REQUEST NO. 35:**

Please identify all policies, directives, communications, e-mails or work rules of Defendant regarding FMLA, worker's compensation, or other related leaves of absence.

15

**RESPONSE:**

Target incorporates its objections and response to Plaintiffs Request No. 5 above as if fully stated herein.

**DOCUMENT REQUEST NO. 36:**

Produce a copy of the following employee personnel files:

a. Jason Ball

b. Amanda Herter

c. Layman Cummiings

d. Diane Duda

**RESPONSE:**

Target objects to this request as overly broad and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target also objects to the production of personal information for its current and/or former employees, because it invades the privacy rights of individuals who are not parties to this action.

**DOCUMENT REQUEST NO. 37:**

Produce a copy of all policies relative to the recruitment and selection of candidates for promotional opportunities.

**RESPONSE:**

Target objects to this request as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it is not limited to any specific period of time. Subject to and without waiving these objections, upon entry of an appropriate protective order, Target will produce any such policies to the extent that they exist, during the time period in which Plaintiff was employed.

**DOCUMENT REQUEST NO. 38:**

For each person identified in response to Interrogatory No. 14 of Plaintiff's First Set of Interrogatories, please produce the employees' personnel file and disciplinary history,

including any applications or expressions of interest relative to promotional opportunities.

**RESPONSE:**

Target objects to this request as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target also objects to the production of personal information for its current and/or former employees, because it invades the privacy rights of individuals who are not parties to this action.

**DOCUMENT REQUEST NO. 39:**

Please produce an organizational chart of any and all Districts presently or formerly managed by Jim Peterson.

**RESPONSE:**

Target objects to this request as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Target avers that relevant to Plaintiff's claims, Jim Peterson was the District Team Leader to whom Store Team Leaders within his district reported, including Diane Duda of T777. Executive Team Leaders within their respective stores, including T777 report to the Store Team Leader.

**DOCUMENT REQUEST NO. 40:**

Produce any and all emails, memos, or other notes documenting or relating to the decisionmaking process relative to the imposition of discipline for Jason Ball's occurrence of leaving doors unsecured, including without limitation correspondence between Diane Duda and Jim Peterson, or others.

**RESPONSE:**

Target objects to this request as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Target also objects to the production of personal information for its current and/or former employees, because it invades the privacy rights of individuals who are not parties to this action. Subject to and without waiving these objections, Target refers to its response to Request No. 9 above, and documents produced in response thereto.

Respectfully submitted,

JACKSON LEWIS LLP

By: _____
MAURICE G. JENKINS (P33083)
EMILY M. PETROSKI (P63336)
KIMBERLY A. YOURCHOCK (P72336)
Attorneys for Defendant Target
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900

Dated: May 1, 2012

### PROOF OF SERVICE:

*The undersigned certifies that a copy of Defendant's Responses and Objections to Plaintiff's First Request for Production of Documents and Proof of Service was served upon the attorneys of record of all parties to the above cause at their respective business addresses as disclosed by the pleadings of record herein on May 1, 2012. I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.*

BY: __X__ U.S. Mail   ____ FAX   ____ Other

____ Hand Delivered   ____ Federal Express

_____
Tamara Coffman

4829-9358-4143, v. 2

18