**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Saundra Oates,

        Plaintiff,                          Civil Action No.: 11-CV-14837

    vs.                                District Judge Gerald E. Rosen

                                        Magistrate Judge Mona K. Majzoub

Target Corporation

        Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND HER COMPLAINT [21]**

This matter comes before the Court on Plaintiff's Motion to Amend Her Complaint (Docket no. 21.) Defendant filed a Brief in Opposition to Plaintiff's Motion to Amend (Docket no. 26), and Plaintiff filed a Reply to Defendant's Opposition (Docket no. 27.) These motions were referred to the undersigned for decision. (Docket no. 28.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motion is now ready for ruling.

**I.    Background**

Plaintiff alleges in her five-count complaint that Defendant Target wrongfully terminated her on December 15, 2009, in violation of Michigan Worker's Disability Compensation Act, the Americans with Disabilities Act, and the Michigan Persons with Disabilities Act; she also claims that Defendant discriminated against her on the basis of her race in violation of Title VII and Michigan's Elliott-Larsen Civil Rights Act**.** (Docket no. 1).

In Plaintiff's Complaint, she alleged that she "was not promoted due to her request for FMLA leave in April 2006 and April 2009." (Docket no. 1 ¶21.) Plaintiff neglected to include an actual Count for the alleged retaliation in her pleading. Thus, in this motion, Plaintiff seeks leave

to amend her Complaint under Rule 15(a) to add Count VI for retaliation. (*See* Docket no. 21-2 ¶¶ 55-60.)

## II.     Governing Law

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id.* (citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: [(1)] require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [(2)] significantly delay the resolution of the dispute; or [(3)] prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.* (citation omitted). A court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain

statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-part test:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

### III.   Analysis

Plaintiff argues that the "the actual FMLA Count was inadvertently omitted from the Complaint," but because the FMLA *allegation* was included in the Complaint, Defendant was on notice; therefore, there is no prejudice to Defendant. (Docket no. 21 ¶¶ 3, 5.) And although the two-year statute of limitations for FMLA claims elapsed on December 15, 2011, Plaintiff contends that her claim relates back to her November 2, 2011 Complaint under Rule 15(c), and in the alternative, that her claim alleges a *willful* violation of the FMLA, which extends the statute of limitations to three years. (Docket no. 27 at 1-2.) Defendant argues that Plaintiff's amendment is futile because (1) the claim does not relate back and is, therefore, untimely; (2) even if the claim does relate back, it is still untimely; and (3) even if the claim is not untimely, it fails to state a claim on which relief

can be granted. (Docket no. 26 at 5-8.)

The Court agrees with Plaintiff that the proposed FMLA Count relates back to her Complaint. Under Rule 15(c)(1)(B), an amendment relates back when "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out–*or attempted to be set out*–in the original pleading." Fed.R.Civ.P. 15(c)(1)(B) (emphasis added). Plaintiff's Complaint alleged that she "was not promoted due to her request for FMLA leave in April 2006 and April 2009." (Docket no. 1 ¶21.) While Plaintiff failed to include the FMLA Count, the Court finds that she *attempted* to set out the claim. Defendant argues that this statement was not enough to give it sufficient notice of the nature and scope of the claim; the Court disagrees. Plaintiff's new Count alleges no new facts and no new conduct; Plaintiff's original Complaint set out the nature (she was not promoted due to her request for FMLA leave) and the scope (in April 2006 and April 2009) of her claim.

Nevertheless, the Court agrees with Defendant that Plaintiff's proposed FMLA Count is futile. To make out a claim for retaliation under the FMLA, Plaintiff must show "(1) [she] availed herself of a right that is protected under the FMLA; (2) [she] suffered an adverse employment action; and (3) there is a causal connection between [her] protected activity and the adverse employment action." *Canitia v. Yellow Freight*, 903 F.2d 1064, 1066 (6th Cir. 1990). Because the Court has found that Plaintiff's claim relates back to her November 2, 2011 Complaint, Plaintiff must show that the adverse employment action occurred on or after November 2, 2009.[1] As Defendant states, "Plaintiff does not . . . identify even one alleged open position or promotion for

---

[1] In her Reply to Defendant's Response, Plaintiff argues for the first time that she is alleging a *willful* violation of the FMLA, which would increase the statute of limitations to three years. (*See* Docket no. 27 at 2-3.) The Court finds Plaintiff's argument unavailing as Plaintiff has not included an allegation of willfulness in her Amended Complaint with regard to Count VI. (*See* Docket no. 21-2.) Therefore, the Court finds that the two-year statute of limitations applies.

which she claims she should have been selected.  Nor does she identify the date or date(s) on which Target allegedly

failed to promote her, or the individual(s) responsible for this alleged retaliation."  (Docket no. 26 at 7.)

The Court agrees.  Count VI of Plaintiff's Amended Complaint consists of the following five substantive Paragraphs:

> 56. The Family and Medical Leave Act of 1993, as amended, allows eligible employees to take up to 12 weeks of medical leave to care for themselves or a family member with a serious health condition.
>
> 57. Plaintiff had a serious medical condition and took leave pursuant to the FMLA.
>
> 58. Plaintiff thereafter sought promotional opportunities, for which she was qualified, but not selected.
>
> 59. Plaintiff was not selected for promotional opportunities because she availed herself of FMLA leave.
>
> 60. Defendant is liable for retaliating against Plaintiff and using her FMLA leave as a basis to deny her equal privileges, terms, and conditions of employment.

(Docket no. 21, exhibit 2 ¶¶ 56 - 60.)  The Court must first identify if any of the above paragraphs contains more than legal conclusions.  *Iqbal*, 556 U.S. at 679.  The Court finds that Paragraphs 56, 59, and 60 are merely conclusions and  nothing more than "formulaic recitation[s] of the elements" of a claim for FMLA retaliation.  *Id.* at 681.  Plaintiff's conclusions that Defendant retaliated against her and is liable for such retaliation are not entitled to a presumption of veracity.  *Id.*

Turning now to the remaining paragraphs (57 and 58), and accepting these allegations as true–as the Court must when considering a motion to dismiss/futility argument–Plaintiff has failed

to state a claim on which relief can be granted. Plaintiff has not alleged any facts showing that she was eligible for a promotion on or after November 2, 2009, or that there was any causal connection between her FMLA leave and her failure to receive such a promotion.[2] Moreover, Plaintiff argues that further discovery "would have attempted to ascertain this information in further detail" and that "there is still discovery to be conducted on this issue relative to the exact number of promotions that had occurred and discussions between Plaintiff and Target relative to same." (Docket no. 27 at 3.) Discovery is not a license for a fishing expedition wherein the Plaintiff may attempt to uncover new claims. To the contrary, because Plaintiff's Amended Complaint is not facially plausible, the doors of discovery on this issue must remain locked. *Iqbal*, 556 U.S. at 678.

Because the Court finds that Plaintiff's proposed Count VI is futile, the Court will deny Plaintiff's Motion to Amend.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 2, 2012      s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

---

[2] The Court notes that this analysis would apply even if the Court accepted Paragraphs 56, 59, and 60 as true under *Iqbal*.

Dated: October 2, 2012                    s/ Lisa C. Bartlett
                Case Manager