UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Saundra Oates,

        Plaintiff,                    Civil Action No.: 11-CV-14837

        vs.                            District Judge Gerald E. Rosen

                                     Magistrate Judge Mona K. Majzoub

Target Corporation

        Defendant.

_____/

**OPINION AND ORDER RESERVING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL [17] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [31]**

This matter comes before the Court on Defendant Target Corporation's Motion to Compel Plaintiff to Provide Complete Responses to its First Set of Interrogatories and First Requests for Production of Documents (Docket no. 17) and Plaintiff's Motion to Compel Defendant's Responses to Interrogatories and Requests for Production of Documents (Docket no. 31)  Plaintiff filed a Response to Defendant's Motion to Compel (Docket no. 20) and a Supplemental Statement to Her Response (Docket no. 22).  Defendant then filed its Reply Brief In Further Support of Its Motion to Compel.  (Docket no. 23).  A Joint Statement of Unresolved Issues was filed by both parties, which narrowed the issue to the release of records from Plaintiff's subsequent and previous employers. (Docket no. 29.) Defendant filed its Brief in Opposition to Plaintiff's Motion to Compel (Docket no. 37), and the parties filed a Joint Statement of Unresolved Issues, which narrowed the issues to three interrogatories and six requests for production of documents (Docket no. 39.)  The parties then filed an Amended Joint Statement related to both Motions to Compel.  (Docket no. 53.) These motions were referred to the undersigned for decision.  (Docket nos. 18, 28, 34.)  The Court

dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

I.      **Background**

Plaintiff alleges in her five-count complaint that Defendant Target wrongfully terminated her on December 15, 2009, in violation of Michigan Worker's Disability Compensation Act, the Americans with Disabilities Act, and the Michigan Persons with Disabilities Act; she also claims that Defendant discriminated against her on the basis of her race in violation of Title VII and Michigan's Elliott-Larsen Civil Rights Act**.** (Docket no. 1).

    A.      **Defendant's Motion to Compel**

In this motion, Defendant seeks an Order requiring Plaintiff to execute written authorizations for the release of Plaintiff's employment records from both previous and subsequent employers–pursuant to Defendant's January 27, 2012 First Requests for Production of Records (Docket no. 17 ¶ 4). Plaintiff responded to this request for previous and subsequent employment records with an objection that the request was overly broad and was designed to seek irrelevant information. Plaintiff, in lieu of executing releases for employment records from subsequent employers, ultimately did agree to produce those records specifically identified by Defendant from her subsequent and current employer, the State of Michigan Unemployment Insurance Agency ("UIA"). Plaintiff provided some documents from the UIA, but the completeness of Plaintiff's response remains unresolved.[1] Both parties agree that the issue pertaining to the release of Plaintiff's employment records from her previous employers has not been resolved.

---

[1] The Parties have more thoroughly addressed this issue through Defendant's Second Motion to Compel (Docket no. 45), which is not addressed in this Order. The Court has ordered the parties to file a Joint Statement of Unresolved Issues related to Defendant's Second Motion by September 24, 2012. Thus, the Court will reserve its ruling on this issue until that time.

**B.     Plaintiff's Motion to Compel**

In this motion, Plaintiff seeks an Order requiring Defendant to answer certain interrogatories and produce documents pursuant to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents.  The parties have worked diligently to address many of the issues first raised in Plaintiff's Motion, and as of the parties Amended Joint Statement, the only unresolved issues surround Plaintiff's Interrogatories 3(a),(c),(d), and (e), and 17(e), and Plaintiff's Requests for Production of Documents 20, 21, 36, and 38.

**II.     Governing Law**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  But the scope of discovery is not unlimited.  "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party.  Fed.R.Civ.P. 33, 34.  A party receiving these types of discovery requests has thirty days to respond with answers or objections.  Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel.  Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv).  If a court

grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust . Fed.R.Civ.P. 37(A)(5)(a).

### III.     Analysis

#### A.  Defendant's Motion to Compel

Defendant argues in its Motion to Compel that:

> [O]n her employment application, Plaintiff identified three past employers, along with previous salary information, and provided a reason for leaving each job (in no event does she state she was terminated). If Plaintiff falsified any of this or other information as part of the application or hiring process, pursuant to Target's practices and policies, including, but not limited to those stated directly on the application, Plaintiff's employment would have been terminated, or she otherwise would not have been hired. Nor would she have been qualified for employment with Target. This is precisely the kind of information that *could be gained* from Plaintiff's former employers to support Target's after-acquired evidence defense.

(Docket no. 17 ¶ 32 (emphasis added).)  Defendant further argues that, in general, the provision of false statements on an employment application is sufficiently severe to warrant application of the after-acquired-evidence doctrine.

The Supreme Court has cautioned that discovery into past employment for the purpose of obtaining evidence to support an after-acquired-evidence defense is a "concern" that is "not an insubstantial one," but that the Federal Rules may be invoked to "deter most abuses." *McKennon*, 513 U.S. at 363.  Here, Defendant had the ability to obtain and should have evaluated any information that might rise to the level of an after-acquired-evidence defense from Plaintiff's former employers before it terminated Plaintiff's employment. *See Miller v. AT&T*, 83 F. Supp. 2d 700, 705 (S.D.W.Va. Jan 31, 2000) (stating that before making decision to terminate an employee, the employer should evaluate all information in its possession pertaining to the employee and should

be required to make determinations regarding all potentially adverse information).  Because Defendant could have earlier obtained the information it now seeks from Plaintiff's former employers, and because Defendant has cited no specific qualifying information being held by these past employers and relies solely on its own mere speculation, the Court finds that Plaintiff's objections to relevance are reasonably founded.  The Court also notes that the issues of back pay, front pay, and mitigation of damages as argued by Defendant are much more dependent on Plaintiff's subsequent employment history after her termination by Defendant.  This Court concludes that Defendant's attempts to discover information from Plaintiff's previous employers are not reasonably calculated to lead to the discovery of admissible evidence on these issues.  Therefore, the Court will deny Defendant's Motion.

  **B.** **Plaintiff's Motion to Compel**

    **1.** **Plaintiff's Interrogatory No. 3(a)(c)(d) and (e)**

In an effort to discover similarly situated individuals, Plaintiff asked Defendant to disclose the following:

> . . . the name of every employee terminated or disciplined at Defendant's Northwestern Highway, Southfield, Michigan location within the last three (3) years.  And in addition, the contact information, department and supervisor, the circumstances of the discipline or termination, the policy violated; and, whether other employees engaged in the same acts, and if so, the discipline received.

(Docket no. 31 ¶ 3.)  Defendant provided only the name of Jason Ball, and later indicated that Ball was the only Executive Team Leader ("ETL") terminated at Store 0777 (where Plaintiff was employed) for the same or similar offenses as those of Plaintiff.  (Docket no. 37 ¶ 2.)  Subsequently, Defendant "has agreed to provide information identifying corrective action issued to other ETL's and STL's [Store Team Leaders] working at T-777 from January 1, 2009 through December 31,

2010." (Docket no. 39 at 2; Docket no. 53 at 3.) Defendant provided this information, but Plaintiff now contends that the following subsections of Interrogatory no. 3 remain unresolved:

### A.      Subsection (a)

Plaintiff requests the last known address and telephone numbers of the individuals identified in Defendant's response to this interrogatory. (Docket no. 53 at 4.) Defendant has indicated that these individuals should be contacted through Defendant's counsel, so it has refused to provide any contact information. (*Id.*) Defendant has provided no legal authority for its position that it is not required to disclose this information.

"[I]n a federal civil rights action, federal law controls what evidence is privileged and discoverable. . . . It also is well settled that under federal law there exists no general privilege for personnel files . . . ." *Watts v. Kimmerly*, 1996 WL 911254, at *3 (W.D.Mich. Apr. 12, 1996) (citations omitted) (ordering the disclosure of full personnel files). Because Plaintiff seeks only contact information that is included in the personnel files, the Court finds that the information is not protected from discovery. Therefore, the Court will order Defendants to respond to this subsection.

### B.      Subsections (c) and (d)

Plaintiff asserts that along with the information provided, Defendant was required to provide a description of the actions or behavior that warranted the discipline (subpart c), and the specific policy or rule violated (subpart d). (*Id.*) Defendant has indicated that it is "open to discussing this matter further." (*Id.*)

Other than indicating that it is open to discussions, Defendant provides no specific objection to this request in its briefing to the Court. Defendant originally objected to the request as overbroad and unduly burdensome, but the parties have since narrowed the requested information significantly. Defendant has already provided the name, title, date, and nature of the action taken against ETLs

and STLs working at Store 0777 from January 1, 2009 through December 31, 2010. (Docket no. 53 at 3.) Thus, the Court finds that adding the requested information to its response is not unduly burdensome; indeed, Defendant must have ready access to this information as Defendant was able to provide the nature of the action taken against these employees. Therefore, the Court will order Defendant to provide a specific description of the employees' actions and the policy or rule that they violated to the extent that Defendant has this information in its files.

### C. Subsection (e)

Plaintiff requests substantially the same information regarding employees who have been accused of similar infractions over the past five years. (*Id.*) Defendant objects to subpart (e) as overly board because the request is not limited to a reasonable time frame or geographic location, but Plaintiff asserts that the parties have agreed to limit the response to the entire interrogatory to ETLs and STLs working at Store 0777. (*Id.*)

Because the parties have apparently agreed to limit the scope of Plaintiff's request to ETLs and STLs working at Store 0777, and because the parties have similarly limited the scope of Defendant's other responses under Interrogatory no. 3, the Court finds that there is nothing overly broad or burdensome with respect to the geographic location of Plaintiff's request. The Court does, however, agree with Defendant that Plaintiff's requested time frame of five years is unreasonable in that the parties have agreed to limit the scope of Plaintiff's other requests to events that occurred from January 1, 2009, through December 31, 2010. Therefore, the Court will order Defendant to answer Plaintiff's Interrogatory no. 3(e), but such response will be limited to ETLs and STLs working at Store 0777 from January 1, 2009, though December 31, 2010.

### 2. Plaintiff's Interrogatory No. 17(e)

Plaintiff's Interrogatory no. 17 requests that Defendant identify individuals promoted within

Districts managed by Jim Peterson and that Defendant provide personnel information related to those individuals. As the parties have positioned the matter in their most recent Joint Statement, only subsection (e) remains unresolved. (Docket no. 53 at 5-6.) Subsection (e) asks "[w]hether such person had taken FMLA or other leave of absence, and, if so, when, including the outcome of the request." (Docket no. 31 ¶ 29.) The Court has denied Plaintiff's Motion to Amend her Complaint, which included the addition of her FMLA claim. Therefore, Plaintiff's requests for FMLA-related information are no longer relevant, and the Court will deny Plaintiff's Motion to Compel an answer to Interrogatory no. 17(e).

### 3. Plaintiff's Document Request No. 20

This document request seeks "all documents reflecting or related to all Defendant's employees within any District presently or formerly managed by Jim Peterson, who have required workers compensation from January 2006 through the present." (Docket no. 31 ¶ 67.) Defendant objected to the request as overboard, unduly burdensome, and seeking irrelevant information. (Docket no. 37 ¶ 31.) Defendant has subsequently provided a list of "ETLs in Plaintiff's district who (a) were terminated for similar conduct as Plaintiff and/or (b) were promoted" and included "information regarding whether Target had any record of those individuals having filed a worker's compensation claim." (Docket no. 53 at 6-7.) Plaintiff asserts that this response is inadequate.

Plaintiff seeks this information to establish whether any similarly situated individuals have received disparate treatment when filing workers' compensation claims. Discovery is not a license to conduct a fishing expedition, but Plaintiff is entitled to reasonable discovery in this instance. Moreover, "[f]ull discovery is particularly warranted where a case is based on federally-protected civil rights." *Watts*, 1996 WL 911254, at *2.

Plaintiff has requested documents from January 2006 through present.[2]  In reviewing the parties other discovery responses and their agreements noted in their Joint Statements, it appears to the Court that the parties have reached a somewhat tenuous understanding that the relevant time frame for discovery into comparables for other purposes is limited is January 1, 2009, through December 31, 2010.  *See infra* Section III.B.1.  Thus, the Court finds it reasonable to end the time period for this discovery request on the same date, and therefore, the Court will limit any discovery related to this request to the time period from January 2006 through December 31, 2010.

Defendant also argues that Plaintiff's request is overbroad because it seeks information relative to all employees, not just similarly situated employees.  (Docket no. 37 ¶ 32.)  The Court agrees.  Again, for other purposes, the parties have agreed to limited discovery related to ETLs and STLs in Plaintiff's district–that is, those individuals similarly situated to Plaintiff.  *See infra* Section III.B.1.  Thus, the Court will order Defendant to produce only those documents related to ETLs and STLs in District 0135.

Finally, Defendant asserts that even if Plaintiff's request is limited in scope, the request is "objectionable to the extent that it seeks documents protected from disclosure by the attorney client privilege or attorney work product doctrine or otherwise seeks the production of confidential and sensitive medical information or records protected from disclosure by applicable federal law." (Docket no. 53 at 6.)  To the extent that such information is included in these documents, the Court agrees.  Therefore, the Court will limit Defendant's disclosure to documents that are not protected by privilege, the work-product doctrine, or other federal law.  The Court will also order that Defendant must produce a privilege log and a list of documents otherwise protected and the asserted reason for nondisclosure.

---

[2]Plaintiff was hired by Defendant in October 2005.  (Docket no. 1 ¶ 7.)

### 4. Plaintiff's Document Request No. 21

Plaintiff's Document Request no. 21 seeks documents related to employees managed by Jim Peterson who have requested FMLA leave. (Docket no. 31 ¶ 69-70.) The Court has denied Plaintiff's Motion to Amend her Complaint, which included the addition of her FMLA claim. Therefore, Plaintiff's requests for FMLA-related documents are no longer relevant, and the Court will deny Plaintiff's Motion to Compel document production pursuant to Document Request no. 21.

### 5. Plaintiff's Document Request No. 36

Plaintiff's Document Request no. 36 seeks personnel files for Jason Ball, Amanda Herter, Layman Cummings, and Diane Duda. (Docket no. 31 ¶ 83.) Plaintiff believes that Ball, Herter, and Cummings are suspected comparable individuals for purposes of proving discrimination. (*Id.*) Duda is the individual who fired Plaintiff. Plaintiff originally requested full personnel files for these individuals but has since limited her request to specific documents, including:

> disciplinary (including all verbal or other counseling) and documents relating to any promotions, race, dates of hire and termination, and any and all documents reflecting the bases for any discipline, as well as relative to all files other than Ms. Duda's, any requests for FMLA leave or workers' compensation, or requests for accommodation.

(*Id.* ¶ 84.) In response, Defendant limited its objections in stating that "Plaintiff's request remains objectionable to the extent it seeks documents or information relating to FMLA or workers' compensation claims filed by Target employees." (Docket no. 37 ¶ 39.) In the parties recent Joint Statement, Defendant claims that it "has provided dates of promotion, race, dates of employment, and discipline, if any, for Jason Ball and Amanda Herter." (Docket no. 53 at 9.)

Although Defendant states that it is willing to continue discussions to resolve the remaining issues, Defendant has not indicated why it has not provided similar documentation related to Cummings and Duda. Defendant provides no basis for its decision to not provide dates of

promotion, race, dates of employment, and discipline, if any, for Cummings and Duda, and therefore, the Court will order Defendant to produce the such documents for Cummings and Duda.

Regarding the FMLA materials, because the Court has denied Plaintiff's Motion to Amend, Plaintiff's request for FMLA materials is no longer relevant, and therefore, the Court will deny Plaintiff's Motion related to these materials.

As to Plaintiff's request for documents related to workers' compensation and requests for accommodation, the Court notes that the four individuals named in this document request are not similarly situated to each other; that is, Plaintiff seeks information related to Ball, Herter, and Cummings as individuals who may be "comparables" for the purpose of supporting her discrimination claim, while Duda was Plaintiff's supervisor. Thus, the Court finds that the requests for workers' compensation documents and request-for-accommodation documents related to Ball, Herter, and Cummings are reasonably calculated to lead to the discovery of admissible evidence, while the request for such documents related to Duda is not. Therefore the Court will deny Plaintiff's Motion to Compel related to the workers' compensation materials in Duda's personnel file.

Having found that these materials are discoverable related to Ball, Herter, and Cummings, Defendant contends that "these documents are not maintained as part of [its] employees' personnel files." (Docket no. 37 ¶ 39.) A request for documents under Rule 34 is limited to items "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a)(1). Thus, the Court will order Defendant to produce such documents over which Defendant has possession, custody, or control. If Defendant does not have possession, custody, or control over documents related to workers' compensation claims or requests for accommodation made by Ball, Herter, and Cummings, the Court will Order Defendant to produce an affidavit stating that Defendants do not have the

documents within their possession, custody, or control and include in said affidavit a statement describing the specific steps taken to locate the documents, including the location, date, and time of attempts to procure or locate the documents.

### 6. Plaintiff's Document Request No. 38

Plaintiff requested employment files and disciplinary history for employees listed in Defendant's answer to Interrogatory no. 14 who filed prior charges of discrimination or lawsuits against Defendant, and in her Motion, she limited the request to "any charges or complaints filed, disciplinary history, and relevant requests for disability accommodation, workers' compensation, or internal complaints of discrimination or retaliation." (Docket no. 31 ¶¶ 87, 88.) Defendant objected to this request but also informed Plaintiff that no responsive documents existed. (Docket no. 37 ¶ 41.)

In the parties first Joint Statement, Plaintiff asserts that Defendant's response only addressed the lawsuit aspect of the request and not the charges-of-discrimination aspect; thus, the response is incomplete. (Docket no. 39 at 8-9.) Defendant objects to producing any documents from personnel files for "individuals who were never employed at Plaintiff's store, who were never supervised by the same STL as Plaintiff, and which are otherwise wholly unrelated to Plaintiff's claims." (Docket no. 53 at 9.)

Although Defendant has maintained its objection throughout this discovery dispute, Defendant has made no argument suggesting why this information is unrelated to Plaintiff's claims, and Defendant has provided no legal authority suggesting that such information is not discoverable. Moreover, the parties have indicated in their most recent Joint Statement that Defendant has provided a response to Interrogatory no. 14. (Docket no. 53 at 5.) Because this document request seeks only the personnel documentation related to individuals that Defendant has already identified,

the Court will grant Plaintiff's Motion. This order will be limited, however, by the same time and geographic constraints as the parties other discovery requests; that is, Defendant's need only provide documents relative to employees who filed the requested claims and complaints between January 2006 and December 31, 2009, and who were employed within District 0135 at the time of the claim or complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is Reserved in Part and Denied in Part. The Court reserves its ruling on Defendant's Motion to Compel the Employment records from UIA and will resolve the issue as part of Defendant's Second Motion to Compel. Defendant's Motion to Compel Plaintiff's employment records from her previous employers is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is granted in part and denied in part as set forth below:

a. Plaintiff's Motion to Compel an answer to Interrogatory no. 3 is **GRANTED IN PART AND DENIED IN PART** and **IT IS ORDERED THAT**:

  i. Defendant must provide the last known address and telephone number for individuals identified in Interrogatory no. 3 no later than October 19, 2012; and

  ii. with regard to said employees, Defendant must provide a specific description of the employees' actions and the policy or rule that they violated, to the extent that Defendant has this information in its files, no later than October 19, 2012; and

  iii. Defendant must answer Plaintiff's Interrogatory no. 3(e) no later than October 19, 2012, but such response is limited to ETLs and STLs

     working at Store 0777 from January 1, 2009, though December 31, 2010.

b. Plaintiff's Motion to Compel an answer to Interrogatory no. 17(e) is **DENIED**.

c. Plaintiff's Motion to Compel a response to Document Request no. 20 is **GRANTED**, and **IT IS ORDERED** that**:**

  i. Defendant must produce documents subject to this request no later than October 19, 2012. Defendants production of documents is limited to (1) documents related to claims by ETLs and STLs in district 0135 who made claims between January 2006 and December 31, 2010; and (2) documents that are not protected by the attorney–client privilege, the attorney-work-product doctrine, or applicable federal law; and

  ii. to the extent Defendant does not produce documents that are subject to the attorney–client privilege, the attorney-work-product doctrine, or applicable federal law, Defendant must produce a privilege log and a list of documents otherwise protected and the asserted reason for nondisclosure.

d. Plaintiff's Motion to Compel a response to Document Request no. 21 is **DENIED**.

e. Plaintiff's Motion to Compel a response to Document Request no. 36 is **GRANTED IN PART AND DENIED IN PART**, and **IT IS ORDERED** that:

  i. Defendant must produce documents related to the dates of promotion, race, dates of employment, and discipline, if any, for Cummings and Duda no later than October 19, 2012; and

    ii. Defendant must produce any documents related to workers' compensation claims or requests for accommodation made by Ball, Herter, and Cummings that it has in its possession, custody, or control no later than October 19, 2012; and

    iii. if no such documents exist or if such documents are not in the possession, custody, or control of Defendants, Defendants must produce an affidavit no later than October 19, 2012, stating that Defendants do not have the documents within their possession, custody, or control and include in said affidavit a statement describing the specific steps taken to locate the documents, including the location, date, and time of attempts to procure or locate the documents; and

    iv. Plaintiff's Motion to Compel workers' compensation documents and request for accommodation documents related to Duda is **DENIED**; and

    v. Plaintiff's Motion to Compel FMLA-related documents related to Ball, Herter, Cummings, and Duda is **DENIED**.

 f. Plaintiff's Motion to Compel a response to Document Request no. 38 is **GRANTED,** and Defendant must produce no later than October 19, 2012, responsive documents to Request no. 38 limited to employees who filed the stated claims and complaints between January 2006 and December 31, 2009, and who were employed within District 0135 at the time of the claim or complaint.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 2, 2012          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 2, 2012          s/ Lisa C. Bartlett
                                Case Manager