**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Saundra Oates,**

      **Plaintiff,**                **Civil Action No.: 11-CV-14837**

      vs.                        **District Judge Gerald E. Rosen**

                                  **Magistrate Judge Mona K. Majzoub**

**Target Corporation**

      **Defendant.**

_____/

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [44] AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL [45]</u>**

This matter comes before the Court on Plaintiff Saundra Oates's Motion to Compel Defendant's Respones to Her Second Set of Interrogatories and Requests for Production of Documents (docket no. 44) and Defendant Target Corporation's Motion to Compel Plaintiff to Provide Complete Responses to its Second Request for Production of Documents (docket no. 45). Defendant filed a Response to Plaintiff's Motion (docket no. 46), Plaintiff filed a Supplemental Statement in Support of her Motion (docket no. 64), and Defendant filed a Supplemental Response (docket no. 68). Plaintiff filed a Response to Defendant's Motion (docket no. 51), and Defendant filed a Reply (docket no. 52). The Parties filed a Joint Statement of Unresolved Issues (docket no. 55) and, at the Court's request, an Updated Statement of Resolved and Unresolved Issues (docket no. 70). These motions were referred to the undersigned for decision. (Docket no. 48.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

**I.    Background**

Plaintiff alleges in her five-count complaint that Defendant Target wrongfully terminated her on December 15, 2009, in violation of Michigan Worker's Disability Compensation Act, the Americans with Disabilities Act, and the Michigan Persons with Disabilities Act; she also claims that Defendant discriminated against her on the basis of her race in violation of Title VII and Michigan's Elliott-Larsen Civil Rights Act.  (Docket no. 1).

Plaintiff's Motion to Compel seeks an Order compelling answers and production related to her Interrogatory Nos. 2 and 3, and her Requests for Production Nos. 1, 3, 4, 5, and 6 pursuant to her Second Set of Interrogatories and Request for Production of Documents.[1]  Defendant's Motion to Compel seeks an Order compelling production related to its Requests for Production of Documents Nos. 3, 4, 10, 17, 19, 20, 22, 23, and 24 pursuant to its Second Request for Production of Documents.[2]

**II.    Governing Law**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  But the scope of discovery is not unlimited.  "District courts have

---

[1] In the Parties Update Joint Statement, they indicate that the issues related to Plaintiff's Request for Production No. 1 have been resolved.  (Docket no. 70 at 5.)

[2] In the Parties Update Joint Statement, they indicate that the issues related to Defendant's Request for Production No. 3 have been resolved.  (Docket no. 70 at 9.)

discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

**III.    Analysis**

    **A.    Plaintiff's Motion to Compel**

        **1.    Number of Interrogatories**

Defendants allege that with subparts, Plaintiff's interrogatories exceed the 25 interrogatories allowed pursuant to Fed. R. Civ. P. 33(a)(1). (Docket no. 46 at 6-7.) The term "discrete subparts" does not have a precise meaning, but "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006). The Court finds that Plaintiff's interrogatories do not number more than 25, "including all discrete subparts." Upon examination, each interrogatory appears to address a discrete subject, and

to the extent that the interrogatory contains subparts, the subparts seek details related to the common theme of the interrogatory.

### 2. Plaintiff's Interrogatory No. 2

Plaintiff's Interrogatory No. 2 requested "the beginning salaries for all Target Team Leaders employed between 2005 and 2010, within Target Store 777 . . . including . . . the pay scale designated for the Target Executive Team Leader Positions." (*See* docket no. 46-2 at 5.) Defendant objected that the interrogatory was overly broad, unduly burdensome, and not relevant. (*Id.*) Plaintiff asserts that based on a line of questioning during Plaintiff's deposition, Plaintiff believes that Defendant intends to argue that "Plaintiff deceptively received a higher salary than would have otherwise been offered." (Docket no. 44 at 4-5.) Plaintiff, therefore, argues that the information is relevant to show that her pay was in line with that of other Team Leaders. (*See id.*) Defendant asserts that the line of questioning during Plaintiff's deposition "was directed at Plaintiff's truthfulness and honesty in completing her application" and that "[the] information goes to Plaintiff's credibility and qualification for employment, and otherwise constitutes after-acquired evidence that is sufficient to limit and/or preclude Plaintiff's damages entirely." (Docket no. 46 at 8-9.)

Regarding Defendant's objection that Plaintiff's interrogatory is overly broad or unduly burdensome, Plaintiff has subsequently limited her request to individuals employed at Store 777 between 2005 and 2006. Thus, the Court finds that Plaintiff's request is not overly broad or unduly burdensome. Regarding the relevance of this information, Plaintiff states that she would waive discovery of this information if Defendant stipulates that it will not argue that she "deceptively received a higher salary than would have otherwise been offered." (Docket no. 44 at 5.)

The Court finds Plaintiff's position reasonable. If Defendant intends to make such an argument, then Plaintiff is entitled to the requested information as it is reasonably calculated to lead to the discovery of admissible evidence related to such an argument. If Defendant does not intend to make such an argument, then the information is not relevant. Therefore, the Court will order Defendant to answer Plaintiff's Interrogatory No. 2 no later than January 11, 2013, limited to Team Leaders (identified by team member number only) at Store 777 from 2005 to 2006. In the alternative, Defendant may stipulate in writing to Plaintiff that Defendant will not assert that Plaintiff deceptively received a higher salary than would have otherwise been offered.

### 3. Plaintiff's Interrogatory No. 3

Plaintiff's Interrogatory No. 3 requests personnel records for all Executive Team Leaders (ETLs) employed in the district managed by Jim Peterson from 2005 to 2010. (*See* docket no. 46-2 at 5.) Specifically, Plaintiff requests the following information related to these individuals: (a) name; (b) race; (c) date of hire; (d) date of promotion, if applicable; (e) position promoted to, if applicable; (f) information regarding workers' compensation claims; (g) information regarding FMLA claims; (h) information regarding restrictions requested or imposed; (i) resumes and/or applications; (j) performance evaluations/reviews; and (k) disciplinary history. (*Id.*) Plaintiff has since limited her request to 2006 through 2009 and no longer requests information regarding FMLA claims. (Docket no. 70 at 2.)

Plaintiff claims that this interrogatory is "intended to capture all the required information of all ETLs to determine comparables." (Docket no. 44 at 5.) The central issue in the parties dispute over this interrogatory, however, appears to be the scope of Plaintiff's request regarding the period of time for which Plaintiff seeks information and the geographic scope of Plaintiff's request. (*See* docket no. 55 at 5-6; docket no. 46 at 9-13.) Defendant also argues that much of the information

Plaintiff requests has already been provided through Plaintiff's First Set of Interrogatories Nos. 3, 9, 10, 12, and 17. (Docket no. 70 at 3.)

Regarding the period of time for which Plaintiff requests the information, Defendant points to the Court's Opinion and Order issued in this matter on October 2, 2012, wherein the Court granted in part Plaintiff's Motion to Compel her first Interrogatory No. 3, finding that "Plaintiff's requested time frame of five years is unreasonable in that the parties have agreed to limit the scope of Plaintiff's other requests to events that occurred from January 1, 2009, through December 31, 2010." (Docket no. 70 at 4 (citing docket no. 60 at 7).) Defendant, however, fails to recognize that Plaintiff's first Interrogatory No. 3 parts (a) through (d) requested information for a period of three years and only subsection (e) requested five years of information; thus, the Court limited Defendant's response to subsection (e) as well. Moreover, in the same Opinion and Order, the Court found that a five-year limitation from January 1, 2006 through December 31, 2010, was reasonable with regard to Plaintiff's Request for Production of Documents No. 20. (Docket no. 60 at 8-9.) And notably, Plaintiff's Request for Production No. 20 sought information similar to that which Plaintiff seeks in the interrogatory at issue here. Therefore, the Court will grant Plaintiff's Motion to the extent that it now seeks information from January 1, 2006 through December 31, 2009.

Regarding the geographic scope of Plaintiff's request, Plaintiff seeks information from every ETL who worked in District 135 during the time period referenced herein. (Docket no. 70 at 2.) Defendant argues that this request is overbroad because Plaintiff is not similarly situated to all of the employees to which her interrogatory applies. (Docket no. 46 at 10-11; docket no. 70 at 4.) Specifically, Defendant asserts that Plaintiff was directly supervised by her Store Team Leader, Diane Duda, not District Manager, Jim Peterson; and Plaintiff's conduct was not the same or similar to the conduct of all of these other employees. (*Id.*) As the Court found in its October 2, 2012

Order, Plaintiff's requests for information from throughout district 0135 are reasonably calculated to lead to the discovery of admissible evidence. (*See* docket no. 60 at 9, 13.) Even though Plaintiff was directly supervised by Duda, Plaintiff may seek information related to possible comparables who were supervised by the same district manager as well. Therefore, the Court will grant Plaintiff's Motion to the extent that it seeks information from throughout district 0135.

Nevertheless, discovery is not a license for a fishing expedition; the Rules do not permit Plaintiff the broad discretion to request full employment history from every ETL in the district. Plaintiff is only entitled to discovery related to those individual who have engaged in the same or similar conduct. *See Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352-53 (6th Cir. 1998); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 217 (6th Cir. 2006). Thus, the Court will limit Defendant's response to those individuals who left the store unsecured, locked someone in the store, or otherwise engaged in conduct similar to Plaintiff. (*See* section III.A.5, *infra.*)

Finally, regarding Defendant's assertion that this information has already been provided through its responses to Plaintiff's First Set of Interrogatories, it appears that some of the information has likely been provided, but not all of the information requested by Plaintiff in this interrogatory. As Defendant notes, it need not respond to duplicative discovery requsts. But Defendant knows what information it has provided. Therefore, the Court will order Defendant to respond to Plaintiff's Interrogatory No. 3 no later than January 11, 2013, for employees throughout district 0135 from January 1, 2006 through December 31, 2009; to the extent that Plaintiff's current Interrogatory No. 3 requests duplicative information, Defendant need not provide that information again.

### 4. Plaintiff's Request for Production No. 3

With regard to this request, Defendant indicates that "all responsive documents it has

identified to date have been produced" and that "it has diligently searched for any . . . records" related to the incident specified in Plaintiff's Motion. (Docket no. 70 at 5.) Even though Plaintiff believes that such documents must exist, based on the deposition testimony of former ETL of Asset Protection Andrew Bourassa (*see* docket no. 64.), Defendant can only produce the documents that are actually in its possession, custody, or control. Therefore, subject to Defendant's continuing duty to supplement its responses should additional information be uncovered, the Court will deny Plaintiff's Motion with regard to Request for Production No. 3.

### 5. Plaintiff's Request for Production Nos. 4, 5, and 6

A central issue in the parties' dispute over these three requests is whether Plaintiff should be entitled to all documents related to "Negligent Conduct," as defined by Defendant's Counseling and Corrective Action Plan. (*See* docket no. 70 at 5-8.) Plaintiff argues that "all incidents or documents as identified in the requests that relate to incidents of negligent conduct, whether or not the offense is precisely the same as Plaintiff's offense or not, should be produced, if the offense was designated as Negligent Conduct." (Docket no. 44 at 8.) Defendant draws the Court's attention to several examples of "Negligent Conduct" from its Counseling and Corrective Action Plan and argues that such offenses are "very dissimilar to those engaged in by Plaintiff." (Docket no. 70 at 6 n.1.) Therefore, Defendant asserts, it should not have to produce documents related to these dissimilar offenses, presumably because individuals who have committed these acts are not comparables for purposes of Plaintiff's claims. (*Id.* at 6.)

Defendant states that it considers Plaintiff's request to include "incidents where the LOD left the store unsecured, locked someone in the store, or otherwise engag[ed] in conduct similar to Plaintiff." (*Id.* at 7; *see also id.* at 6; *id* at 8.) The Court finds Defendant's limitation reasonable. As noted, discovery is not a license for a fishing expedition. Even though Plaintiff's actions were

classified as "Negligent Conduct" under the Counseling and Corrective Action Plan, it does not follow, as Plaintiff seems to contend, that all conduct classified as Negligent Conduct under Plan must be disciplined similarly. Thus, Plaintiff's request for information related to "Negligent Conduct" is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

With specific regard to Interrogatory No. 4, the parties appear to have narrowed their dispute to one specific set of documents: Defendants have not provided Plaintiff with documents related to "Negligent Conduct" other than leaving doors unsecured. (*See* docket no. 70 at 5-6.) Plaintiff has already agreed to limit the scope of her request to documents related to Store 0777 from 2005 through 2010. (*Id.* at 6.)

Plaintiff's Request for Production No. 5 similarly seeks documents related to "Negligent Conduct" for employees employed at Store 0777, and Plaintiff has limited her request to documents from 2005 through 2010. (*Id.* at 7.) Additionally, however, this Request for Production seeks documents "relating to breaches in security." (*Id.* at 6.) As Defendant notes, such language is too broad and relates to an "undefined class of events wholly irrelevant to the present action (e.g. theft, threats of violence, etc.)." (*Id.* at 7.) The Court agrees and finds that the relevant "breaches in security" are encompassed in the aforementioned definition of "Negligent Conduct."

Plaintiff's Request for Production No. 6 seeks "any and all documents, emails, or other communication between Diane Duda and either Jim Peterson, Gary McFarren and/or Sally Watters, regarding facilitation of the corrective action process or imposition of discipline for negligent conduct from 2005 to present." (*See id.* at 7.) Here, Plaintiff has limited the scope of her request to 2005 through 2010, but she has not limited her request to documents related to Store 0777. (*Id.* at 8.) Defendant argues that, "[t]aken literally, this requests seeks communication exchanged between these individuals regarding every corrective action decision for hundreds of employees over

seven years" and that such a request is overly broad. (*Id.*) The Court agrees and will again limit Defendant's production accordingly.

For the reasons discussed above, the Court will order Defendant to respond to Plaintiff's Request for Production Nos. 4, 5, and 6 in full no later than January 11, 2013, limited to documents related to Store 0777 for incidents where the employee left the store unsecured, locked someone in the store, or otherwise engaged in conduct similar to Plaintiff from 2005 through 2010. Defendant indicates that it has already produced documents subject to many of the limitations set forth above. (*See id.* at 6, 7, 8.) Nevertheless, it appears that in some instances, where Plaintiff's Interrogatory requests information related to any employee, Defendant may only have provided documents related to LODs. (*See id.* at 7, 8.) The Court's order does not impose such a limitation, and Plaintiff will be ordered to answer more fully. However, to the extent that Defendant has produced all responsive information, the Court will order Defendant to serve Plaintiff with a response stating the same no later than January 11, 2013.

      **B.**      **Defendant's Motion to Compel**

            **1.**      **Defendant's Request for Production No. 4**

Defendant's Request for Production No. 4 seeks records related to financial accounts for which Plaintiff had "access" from January 1, 2009, through present. (*See* docket no. 54-2 at 4.) Defendant argues that this information is relevant because "it evidences [Plaintiff's] assets at the time of her termination in December 2009 through present, and any purported reduction of those assets." (Docket no. 70 at 9.) To that extent, the Court agrees; the information requested is, at least, reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff, however, objects to discovery of the documents primarily because "Defendant seeks confidential information of a person who is not a party to this litigation." (*Id.*) Much of the

account information that Defendant seeks appears to belong, at least in part, to Netha Fickling, Plaintiff's domestic partner. (Docket no. 51 at 4.) Fickling and Plaintiff have been together for approximately 20 years, and they have co-owned or shared title to real property and several accounts during that time. (*See* docket no. 45 at 9.) Plaintiff argues that Defendant seeks information that belongs to someone that is not a party to this litigation and that Defendant has not identified a substantial need for the information. (Docket no. 51 at 4.) The Court agrees that if Fickling is the sole owner of an account in question, Plaintiff is not required to disclose any related documents; the proper vehicle for such a request is a third-party subpoena under Fed.R.Civ.P. 45.

With regard to accounts that Plaintiff and Fickling owned jointly, Plaintiff asserts that her tax returns (which she has already produced) provide Defendant with all necessary information relative to her income flow. (*Id.* at 5-6.) Defendant contends that Plaintiff admitted that she did not report all of her income on her taxes; instead, some rental income was reported on Fickling's taxes. (Docket no. 52 at 3.) Therefore, Defendant argues, the rest of her financial documents are necessary to determine Plaintiff's proper damages. (*Id.* at 3-4.) The Court agrees with Defendant. Therefore, to the extent that Plaintiff is a joint owner, co-owner, or otherwise is in possession, custody, or control of the documents requested by Defendant, the Court will order Plaintiff to produce such documents no later than January 11, 2013; Plaintiff is, however, entitled to redact any portions of the financial documents that pertain solely to Fickling.

### 2. Defendant's Request for Production No. 17[3]

Defendant's Request for Production of Documents No. 17 seeks the following:

Any and all applications, resumes or related cover letters prepared, distributed or

---

[3]The parties have not addressed in their Updated Joint Statement whether their issues regarding Defendant's Request for Production No. 17 have been resolved. Therefore, the Court will assume that the parties have not resolved these issues.

> otherwise used by the Plaintiff, including any sent via email, internet, and/otherwise made online relative to any jobs or purported efforts to find employment between December 15, 2009 and December 5, 2011.

(Docket no. 45-2 at 8.) Defendant's Request for Production No. 10, included in its First Request for Production of Documents, sought the following:

> Any resumes or related cover letters prepared, distributed or otherwise used by the Plaintiff, including email, internet and/or on-line applications for job postings, between December 15, 2009 and through the date of trial in this action.

(Docket no. 15-4 at 7.)

Plaintiff asserts that new Request for Production No. 17 is duplicative of Defendant's First Request for Production No. 10. (Docket no. 51 at 6.) Additionally, Plaintiff acknowledges that she has a continuing duty to supplement her response to Request for Production No. 10. (*Id.*) Defendant argues that the new request "is narrowly tailored and specifically seeks and all documents evidencing Plaintiff's job search efforts during the nearly two years following her termination from Target." (Docket no. 45 at 10.) Defendant further contends that the request "is specifically geared toward documents such as the letter Plaintiff claimed in her deposition to have received from the UIA during that time period notifying her that she was not selected for a position." (*Id.*)

The Court agrees with Plaintiff. Defendant's second request may be more narrowly tailored than its first request, but the documents requested in Second Request for Production No. 17 are, by their nature, encompassed in First Request for Production No. 10. Moreover, while Defendant may have intended this request to encompass the letter that Plaintiff received from the UIA, Defendant's request seeks "applications, resumes, or cover letters *prepared, distributed, or otherwise used by plaintiff.*" (Docket no. 45-2 at 8 (emphasis added).) Even given a broad interpretation, Defendant's request does not encompass document *received* by Plaintiff declining an offer of employment. Therefore, the Court will deny Defendant's Motion with respect to Request for Production No. 17.

**3.     Defendant's Request for Production Nos. 10, 22, and 23**

In these three Requests for Production, Defendant requests emails sent or received from Plaintiff at two email addresses. (*See* docket no. 45-2 at 6, 10, and 11.) One of these email accounts has been deleted in its entirety, and Plaintiff has deleted several emails from the other account. (Docket no. 70 at 9-10.) Plaintiff indicates that she has produced any documents that are in her possession, custody, or control and has answered Defendant's subsequent interrogatories related to the deleted account and emails. (Docket no. 51 at 7; Docket no. 70 at 10.) Defendant requests that the Court compel Plaintiff to provide detailed information regarding the deletion of these accounts and emails.[4] (Docket no. 45 at 13.) Plaintiff argues that she is not required to provide any information related to the documents that she produces when responding to a Request for Production of Documents. (Docket no. 51 at 7.)

The Court agrees with Plaintiff. Plaintiff asserts (and Defendant does not appear to dispute) that she has produced all documents in her possession, custody, or control. Thus, to the extent that Plaintiff has been served with a Request for Production of Documents, Plaintiff has responded fully. To the extent that Defendant is alleging that Plaintiff has not fully or properly responded to its subsequent interrogatories, such a motion is not before the Court. Therefore, the Court will deny Defendant's Motion with regard to Request for Production Nos. 10, 22, and 23.

**4.     Defendant's Request for Production Nos. 19 and 20**

Defendant's Request for Production Nos. 19 and 20 seek documents related to a loan modification and a short sale of Plaintiff's home. (Docket no. 70 at 10.) Plaintiff co-owned property

---

[4]Additionally, Defendant requests that the Court draw an adverse inference against Plaintiff with regard to the missing emails. (Docket no. 45 at 13.) Defendant's request is not proper as part of its Motion to Compel as the Parties have not fully briefed this issue. Thus, the Court will not order such an inference at this time.

with Fickling. (*Id.*) Defendant points to Plaintiff's deposition testimony and claims that this documentation will "provide probative evidence of both Plaintiff's financial condition following her termination from Target and her forthrightness in correspondence with her lender." (*Id.*) Defendant states that Plaintiff acknowledged that "she and Ms. Fickling received monies from rent-paying tenants on at least one . . . property" and that she "took out multiple home equity loans out (sic) on the property all totaling over $150,000, before selling the home for $30,000." (Docket no. 45 at 11 (citations omitted).) Plaintiff argues that (1) whether the documents show that Plaintiff lacked honesty in dealing with her lender is irrelevant, (2) her tax returns are a sufficient reflection of her income, (3) she should not be required to disclose documents that include confidential information of a third party, and (4) in her search for documents responsive to this request, she only uncovered "a Seller and Purchase Statement dated 2/29/2012, which she will produce." (Docket no. 51 at 6; Docket no. 70 at 10.)

The Court agrees with Defendant that the information requested is relevant with regard to Plaintiff's credibility and her damages. As the Court noted in Section III.B.1, *supra*, Plaintiff acknowledged that she had rental income that was not included in her tax returns. (Docket no. 51 at 5-6.) Moreover, Plaintiff's deposition testimony provides reason to believe that these documents may cast doubt on her credibility. Thus, Defendant's request is reasonably calculated to lead to the discovery of admissible evidence, and such information is not duplicative of Plaintiff's tax returns. Additionally, as the Court implied in Section III.B.1, any documents related to property jointly owned by Plaintiff and Fickling are discoverable under Rule 34. Therefore, the Court will order Plaintiff to respond to Defendant's Request for Production Nos. 19 and 20 in full no later than January 11, 2013; Plaintiff is, however, entitled to redact any portions of the documents that contain Fickling's own confidential information.

### 5. Defendant's Request for Production No. 24

Defendant's Request for Production No. 24 seeks three years of Plaintiff's telephone records to verify that Plaintiff spoke with other Target employees following her termination. (Docket no. 45 at 13-14.) Plaintiff argues that the request is overbroad and irrelevant. (Docket no. 51 at 7; docket no. 70 at 12.) Defendant asserts that it is entitled to the records to verify that the conversations took place and offers to allow Plaintiff to redact all other call records. (Docket no. 70 at 11-12.) Plaintiff responds that Defendant does not need three years of phone records to verify three calls, that all of the people she spoke with have verified, through deposition testimony or affidavits, that the conversations took place, and that neither Plaintiff nor Defendant would know if these individuals called from a particular phone number. (*Id.* at 12.)

The Court agrees with Plaintiff. Defendant has not articulated any reason to believe that these calls may not have taken place, and all of the individuals with which Plaintiff claims to have spoken appear to have verified that such a conversation occurred. Defendant's request is a fishing expedition and is not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Court will deny Defendant's Motion with regard to Request for Production No. 24.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as follows:

  a. Defendant is ordered to answer Plaintiff's Interrogatory No. 2 no later than January 11, 2013, but such response is limited to Team Leaders (identified by team member number only) at Store 777 from 2005 to 2006. In the alternative, Defendant may stipulate in writing to Plaintiff that Defendant will not assert that Plaintiff deceptively received a higher salary than would have otherwise been offered;

  b. Defendant to respond to Plaintiff's Interrogatory No. 3 no later than January 11,

  2013, for employees throughout district 0135 from January 1, 2006 through December 31, 2009; to the extent that Plaintiff's current Interrogatory No. 3 requests duplicative information, Defendant need not provide that information again;

c.  Defendant is ordered to respond to Plaintiff's Request for Production Nos. 4, 5, and 6 in full no later than January 11, 2013, but such response is limited to documents related to Store 0777 for incidents where the employee left the store unsecured, locked someone in the store, or otherwise engaged in conduct similar to Plaintiff from 2005 through 2010;

d.  To the extent that Defendant has produced all responsive information to Plaintiff's Request for Production Nos. 4, 5, or 6, the Defendant is ordered to serve Plaintiff with a response stating the same no later than January 11, 2013;

e.  Plaintiff's Motion with regard to Request for Production No. 3 is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as follows:

a.  In response to Defendant's Request for Production No. 4, Plaintiff is ordered to produce no later than January 11, 2013, any documents responsive to Defendant's requests related to property where Plaintiff is a joint owner, co-owner, or otherwise is in possession, custody, or control of such documents; Plaintiff is, however, entitled to redact any portions of the financial documents that pertain solely to Fickling.

b.  Plaintiff is ordered to respond to Defendant's Request for Production Nos. 19 and 20 in full no later than January 11, 2013; Plaintiff is, however, entitled to redact any portions of the documents that contain Fickling's confidential information;

c. Defendant's Motion with respect to Request for Production Nos. 17, 20, 22, 23 and 24 is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 17, 2012        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 17, 2012        s/ Lisa C. Bartlett
                                Case Manager