UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAUNDRA OATES,

    Plaintiff,

v.

    Case No. 11-14837
    Hon. Gerald E. Rosen
    Magistrate Judge Mona K. Majzoub

TARGET CORPORATION,

    Defendant.
_____/

**ORDER OVERRULING DEFENDANT'S OBJECTIONS**
**TO MAGISTRATE JUDGE'S OCTOBER 2, 2012 ORDER**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on December 18, 2012.

PRESENT: Honorable Gerald E. Rosen
              Chief Judge, United States District Court

By order dated October 2, 2012, Magistrate Judge Mona K. Majzoub ruled on motions to compel brought by each party. In objections filed on October 16, 2012, Defendant challenges two aspects of this ruling: (i) the Magistrate Judge's denial of Defendant's request that Plaintiff be compelled to sign authorizations for the release of information and documents from her prior employers, and (ii) the Magistrate Judge's purported instruction that Defendant produce documents that allegedly are outside its possession, custody, or control. As discussed below, the Court overrules these objections and affirms the Magistrate Judge's October 2 order.

First, Defendant asserts that the Magistrate Judge erred in determining that

Defendant's "attempts to discover information from Plaintiff's previous employers are not reasonably calculated to lead to the discovery of admissible evidence" bearing upon any issue of relevance to this suit. (10/2/2012 Order at 5.) In Defendant's view, the records it seeks to obtain from Plaintiff's prior employers are relevant to three issues: "(1) Plaintiff's claims for damages and any alleged mitigation thereof; (2) Plaintiff's credibility and [Defendant's] asserted after-acquired evidence defense; and (3) Plaintiff's job qualifications." (Defendant's Objections at 4.)

Turning first to Defendant's contention that the records from Plaintiff's past employers are relevant to the issue of damages, the Court finds that these records would be merely cumulative, at best, of information Defendant evidently has obtained from other sources. Most notably, it appears from the record that Defendant sought and obtained Plaintiff's past tax returns, and Defendant presumably had the opportunity to further explore the issue of Plaintiff's past compensation and benefits in the course of Plaintiff's deposition and in other discovery efforts directed at Plaintiff herself. Moreover, Plaintiff's claims for lost wages and benefits, as well as the issue of mitigation of damages, are matters which will undoubtedly turn almost exclusively on Plaintiff's several years of employment with Defendant, as well as her work history after Defendant discharged her in December of 2009. In light of these avenues of discovery, the Court agrees with the Magistrate Judge that Plaintiff's records from her past employers are unlikely to shed additional light on her alleged damages or the mitigation of damages.

Next, Defendant points to its assertion of an after-acquired evidence defense, and it

contends that the records of Plaintiff's prior employers will enable it to determine whether Plaintiff misrepresented her work history or was otherwise untruthful in completing her application for employment with Defendant. Yet, throughout Defendant's objections and its underlying motion to compel, Defendant has utterly failed to identify any basis for its bare speculation that Plaintiff might have made misrepresentations on her employment application. Absent any reason to believe that the records of Plaintiff's prior employers would reveal Plaintiff's lack of truthfulness when she applied for employment with Defendant, the Court concurs in the Magistrate Judge's determination that Defendant's effort to obtain these records would be an unwarranted fishing expedition. *See Tribula v. SPX Corp.,* No. 08-13300, 2009 WL 87269, at *2 (E.D. Mich. Jan. 12, 2009) (quashing subpoenas for the records of the plaintiff's prior employers, where the defendant employer failed to identify any specific basis for its belief that these records would support an after-acquired evidence defense).

Likewise, Defendant's appeal to the issue of Plaintiff's qualifications rests upon rank speculation, as opposed to a specific basis for believing that the records of Plaintiff's prior employers might lead to the discovery of admissible evidence. Defendant suggests that these records would be "directly relevant to Plaintiff's qualifications for positions because they shed light on her prior job duties, experiences, skills, and qualifications." (Defendant's Objections at 9.) Again, however, Defendant fails to suggest any reason for suspecting that Plaintiff might have lacked any qualifications for the positions she held during the several years she was employed by Defendant. In any event, these issues as to

3

Plaintiff's qualifications and past job duties, experience, and skills could readily be explored (and presumably were explored) in Defendant's discovery efforts directed at Plaintiff herself. It follows that Defendant's attempt to obtain the records of Plaintiff's past employers would, at best, be cumulative of other discovery efforts already undertaken by Defendant.

This leaves only Defendant's objection that the Magistrate Judge's October 2 order could arguably be construed as requiring that Defendant produce documents without regard for whether these materials are within Defendant's possession, custody, or control. Defendant's stated basis for this concern is that the October 2 order specifically states at one point that Defendant need only produce documents relating to certain of its employees to the extent that Defendant has "possession, custody, or control" of these documents, (10/2/2012 Order at 11-12), while the order lacks this express limiting language as to other documents Defendant must produce. Yet, as the Magistrate Judge observed, (*see id.* at 11), the plain language of Fed. R. Civ. P. 34(a)(1) limits ***any*** document request to materials "in the responding party's possession, custody, or control," and there is no reason to interpret the Magistrate Judge's order as requiring Defendant to go above and beyond this Rule 34 obligation in responding to Plaintiff's document requests in this case. Rather, since the pertinent portion of the Magistrate Judge's October 2 order deals exclusively with document requests served by Plaintiff pursuant to Rule 34, (*see* 10/2/2012 Order at 8-13), the Court is confident that this order is not meant to override the terms and limitations set forth in the Rule itself.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's October 16, 2012 objections (docket #62) to the Magistrate Judge's October 2, 2012 order are OVERRULED.


                        s/Gerald E. Rosen
                        Chief Judge, United States District Court

Dated: December 18, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2012, by electronic and/or ordinary mail.

                        s/Julie Owens
                        Case Manager