UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAUNDRA OATES,

       Plaintiff,

                                      Case No. 11-14837
v.                                    Hon. Gerald E. Rosen
                                      Magistrate Judge Mona K. Majzoub

TARGET CORPORATION,

       Defendant.
_____/

## ORDER REGARDING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S DECEMBER 17, 2012 OPINION AND ORDER

                    At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
              on       February 12, 2013

              PRESENT:  Honorable Gerald E. Rosen
                                  Chief Judge, United States District Court

By opinion and order dated December 17, 2012, Magistrate Judge Mona K. Majzoub ruled on motions to compel brought by each party. In objections filed on December 31, 2012, Plaintiff challenges three aspects of this ruling: (i) the Magistrate Judge's denial of Plaintiff's request that Defendant be compelled to produce records reflecting other incidents deemed to be "negligent conduct" under Defendant's employee counseling and corrective action plan; (ii) the Magistrate Judge's purported refusal to require Defendant to produce documents relating to an incident referred to in the deposition testimony of Andrew Bourassa, a former asset protection manager for Defendant; and (iii) the Magistrate Judge's determination that Plaintiff should produce

records relating to financial accounts of which she is either sole or part owner. As discussed below, the Court sustains the first of these objections in part, and otherwise affirms the Magistrate Judge's December 17, 2012 opinion and order.

As her first objection, Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff was pursuing an overbroad "fishing expedition" in seeking discovery of all incidents characterized as "negligent conduct" under Defendant's employee counseling and corrective action plan, and instead limiting Plaintiff to discovery as to only those incidents similar to the incident that allegedly led to Plaintiff's termination — *i.e.,* "incidents where the [leader on duty] left the store unsecured, locked someone in the store, or otherwise engaged in conduct similar to Plaintiff." (12/17/2012 Op. at 8 (internal quotation marks, citation, and alteration omitted).) In support of this objection, Plaintiff points to evidence that "all conduct falling under the penumbra of 'negligent conduct' was to be subject to the same discipline" under Defendant's corrective action policy, and she argues that it therefore is appropriate to treat all such incidents of "negligent conduct" as comparable — and hence discoverable — in determining whether Plaintiff has identified instances of disparate treatment for similar actions. (Plaintiff's Objections at 5.)

The Court agrees in part. As Defendant points out in its response to Plaintiff's objections, the "negligent conduct" portion of its counseling and corrective action plan encompasses a wide variety of employee conduct, much of which — *e.g.,* causing property damage, failing to report an accident, or misusing a corporate credit card account

— is wholly dissimilar from the conduct for which Plaintiff allegedly was disciplined and terminated.  (Defendant's Response at 5.)  Thus, the Magistrate Judge did not clearly err in concluding that Plaintiff's discovery request was overbroad to the extent that it sought records as to any and all incidents falling within the wide ambit of "negligent conduct."

Yet, within this general rubric of "negligent conduct," Defendant's corrective action policy identifies a number of more specific categories of actions that can lead to discipline.  In particular, one such category (number 10) is the failure of an employee to "use ordinary and reasonable care in the performance of his or her work-related duties," (Plaintiff's Objections at 5 (internal quotation marks and citation omitted)), and Defendant evidently determined that each of the two incidents for which Plaintiff was disciplined and then terminated in the fall of 2009 "constituted a failure by Plaintiff to exercise reasonable care in attending to her duties," (Defendant's Response at 6).  By Defendant's own admission, then, such employee conduct that is deemed a failure to use reasonable care is treated as "similar" under the company's corrective action policy.  (*Id.* at 6.)  Accordingly, while the Court agrees with the Magistrate Judge that Plaintiff's initial discovery request was overly broad, the Court sustains Plaintiff's objection to the extent that she seeks more limited discovery of records relating to disciplinary actions taken under category number 10 of "negligent conduct" arising from an employee's failure to use reasonable care in the performance of his or her work duties.

Plaintiff next challenges the Magistrate Judge's purported refusal to compel Defendant to produce documents relating to an incident identified in the deposition

testimony of Andrew Bourassa, a former asset protection manager for Defendant. Specifically, Mr. Bourassa testified about an incident in which a boy was locked into one of Defendant's stores overnight.  Plaintiff notes that such an incident would obviously be comparable to (and seemingly more severe than) the incident that purportedly led to her termination, when "an employee remained inside the building for approximately three minutes after Plaintiff secured the building alarm." (Plaintiff's Objections at 6.) Yet, the Magistrate Judge did not deny discovery as to this incident, but instead observed that Defendant had claimed an inability to locate any records relating to this incident. (*See* 12/17/2012 Op. at 7-8.) The Magistrate Judge emphasized that Defendant has a "continuing duty to supplement its responses should additional information be uncovered," (*id.* at 8), and Defendant likewise represents that it will produce to Plaintiff any documents it is able to locate regarding this incident, (*see* Defendant's Response at 8). Beyond this, however, the Court concurs in the Magistrate Judge's observation that Defendant can only be made to "produce the documents that are actually in its possession, custody, or control." (12/17/2012 Op. at 8.)[1]

Finally, Plaintiff takes issue with the Magistrate Judge's ruling that she must produce records relating to financial accounts that she owns, either herself or jointly with her domestic partner. Plaintiff argues that this discovery is unduly intrusive, and that

---

[1]To the extent that Plaintiff means to more broadly object that Defendant should be compelled to produce records relating to all such "breaches in security" where a leader on duty locked someone inside one of Defendant's stores, Defendant correctly observes that the Magistrate Judge has already ordered the production of such records. (*See* 12/17/2012 Op. at 8.)

4

Defendant can obtain the necessary information concerning her financial status through the tax returns she has agreed to disclose. Yet, as observed by the Magistrate Judge, there is evidence to suggest that Plaintiff did not disclose all of her income in her tax returns, so that the additional financial records sought by Defendant would not be "duplicative of Plaintiff's tax returns" and "may cast doubt on [Plaintiff's] credibility." (12/17/2012 Op. at 14.) Against this backdrop, which Plaintiff does not acknowledge in her objections, Plaintiff has failed to suggest how the Magistrate Judge might have erred in ordering the disclosure of additional financial records. The Court agrees with Plaintiff, however, that it is appropriate to redact irrelevant personal information that might be contained within these records.[2]

      For these reasons,

---

[2] In addition, the production of these records may appropriately be made subject to the terms of a protective order governing the disclosure and use of confidential information contained in these records.

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's December 31, 2012 objections (docket #73) to the Magistrate Judge's December 17, 2012 opinion and order are SUSTAINED IN PART and OVERRULED IN PART, in accordance with the rulings in the present order.

                                                s/Gerald E. Rosen
                                                Chief Judge, United States District Court

Dated: February 12, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 12, 2013, by electronic and/or ordinary mail.

                                                s/Julie Owens
                                                Case Manager